Susana Juarez **SUBIA**, Appellant,

v.

**TEXAS DEPARTMENT OF HUMAN SERVICES**, Appellee.

No. 08–87–00012–CV.

Court of Appeals of Texas, El Paso.

March 30, 1988.

Paula W. Thomas, Jose Montes, Jr., El Paso, for appellant.

Steve W. Simmons, Dist. Atty. of, El Paso, for appellee.

Before OSBORN, C.J., and FULLER and WOODARD, JJ.

## OPINION

FULLER, Justice.

As a result of a jury verdict, the parental rights of the Raul Subia and his wife Susana Juarez Subia with their children were terminated. The judgment of the trial court is reversed and the case is remanded to the trial court for a new trial.

The Subias (parents) will be referred to as Appellants, even though separate cases were filed against them. The cases were tried together, but styled separately.

The Appellee, Texas Department of Human Resources, sought termination of the parent-child relations between Appellants and their three minor children: (1) Imanuel Manulito Subia, (2) Jesus Raul Subia, (3) Oscar Marrufo, a/k/a Oscar Subia. Evidence later developed in the trial which indicated the Appellant, Raul Subia, though he was the husband of Appellant, Susana Juarez Subia, he was not the father of the minor child, Oscar Marrufo, Jr., a/k/a Oscar Subia. Oscar Marrufo is the father. At the time of trial, the Appellants were living apart and a divorce was pending. A previous child of the marriage, Raul Subia, Jr., had died of suspicious causes and Imanuel Manulito Subia, one of the children involved in this termination case had suffered brain damage while in the custody of the Appellants and the cause was sus-

pected to be the result of a blow or blows. Appellant, Susana Juarez Subia, had been jailed in connection with the injury to Imanuel Manulito Subia but the charges were later dismissed. Appellee went to trial on pleadings that tracked the statutory language of Tex.Fam.Code Ann. secs. 15.-02(1)(D) and 15.02(1)(E) (Vernon 1986). After a jury trial, the verdict of the jury found in favor of termination and the court entered judgment consistent with that verdict.

Point of Error No. One of Appellants Susana Juarez Subia and Raul Subia asserts that the trial court erred in overruling Appellants' special exceptions to Appellee's pleadings.

 Appellants timely excepted to Appellee's second amended petition which pled the statutory grounds for termination under Tex.Fam.Code Ann. secs. 15.02(1)(D) and 15.02(1)(E) (Vernon 1986), contending that the statutory allegations did not give fair notice of the facts and circumstances relied on for termination. The trial court denied the exceptions. While the trial court is vested with considerable discretion in ruling on exceptions, the very essence and import of special exceptions is to force clarification of and specification in pleadings that are vague, indefinite or uncertain. *City of Abilene v. Jones*, 355 S.W.2d 597, 600 (Tex.Civ.App.—Eastland 1962, no writ); *McFarland v. Reynolds*, 513 S.W.2d 620, 626 (Tex.Civ.App.—Corpus Christi 1974, no writ). The trial court erred in failing to sustain the exceptions.

Point of Error No. One is sustained.

 Point of Error No. Two of Appellants, Susana Juarez Subia and Raul Subia, assert that the trial court erred in admitting hearsay testimony of a Department of Human Services caseworker, Shelia Mitchell.

One of the statutory grounds for termination of parental rights as to the minor child Jesus Raul Subia was an allegation of abandonment, without providing support and remaining away for a period of at least six months. Appellee contended that the child was left at a place called New Life Ranch by Appellants who, in addition, provided no support and did not visit the child. To attempt to prove their contentions, the caseworker referred to the Department of Human Services' records, which were not in evidence, and testified that the proprietors of the New Life Ranch had called the offices of the Department of Human Services, talked to one of the supervisors and indicated that the child had been abandoned. Appellants properly objected, were overruled and the damaging hearsay testimony was admitted. The trial court, having second thoughts, without any instructions to the jury, allowed the caseworker to give the same testimony by referring to her supporting affidavit attached to termination pleadings, which was also based on hearsay. The damage done can only be seen by the quoted testimony of the caseworker:

On 3/3/85, the third child, Jesus Raul Subia was born while the mother was incarcerated on charges of causing the death of Raul Subia, Jr. Within 48 hours of his birth, both parents had voluntarily placed this child under the legal guardianship of Mr. and Mrs. Harris of the New Life Ranch. Mrs. June Harris had stated that the parents have never visited with the child—(objection was made and overruled). And only telephoned one time during his placement. Because of the apparent abandonment of this child, Mr. and Mrs. Harris requested the Texas Department of Human Services to take the child and make permanent plans for Jesus Raul Subia. The parent [sic] Raul and Susana Subia made no efforts to visit or financially support the child while he was at New Life Ranch.

The caseworker was then asked what the grounds for termination of the parents' rights to Jesus Raul Subia were and she answered: "She left the child. She left the child down at New Life Ranch...."

No proof of any legal guardianship of the minor child in New Life Ranch was produced. Appellee was able to inject testimony that New Life Ranch was unlicensed and under investigation by the state for child abuse. The evidence was damaging

and not admitted as true by Appellants. The Subias testified they had left the child, with a relative that worked for New Life Ranch, and that they had regular contact with that relative in regard to the child. The caseworker admitted on cross-examination that she had no personal knowledge of the events involving New Life Ranch other than what was contained in the Department of Human Services' records. By allowing the caseworker to reveal this crucial hearsay testimony, the Appellants were deprived of the time-honored and cherished right of confrontation and cross-examination. *Richardson v. Green*, 677 S.W.2d 497, 501 (Tex.1984).

The trial court should have sustained the objection to this testimony.

Point of Error No. Two is sustained.

■ Point of Error No. Three of Appellant, Susana Juarez Subia, asserts that the trial court erred in the admission of the testimony of the psychologist, Dr. Sandra Johannsen, who examined Appellant, Susana Juarez Subia, pursuant to a trial court order.

The Appellant was examined by Dr. Sandra Johannsen, a psychologist, by order of the trial court. Neither the trial court nor the psychologist informed the Appellant, Susana Juarez Subia, that any communications made in the course of the examination would not be privileged. Dr. Sandra Johannsen was called as a witness and testified over the objection by the Appellant that the communications between the Appellant, Susana Juarez Subia, and the examining psychologist were privileged under the Texas Rules of Civil Evidence, Rule 510(d)(4); in addition it violated Appellant's right of privacy, her Fifth Amendment privilege of self-incrimination and her right to due process of law. The trial court overruled her objections and allowed the witness to testify. Dr. Johannsen testified that the Appellant expressed anger at authority, anxiety and stress, depersonalization and had a potential to become psychotic with characteristics of an abusive parent. The doctor then testified, "I don't believe she has the emotional resources at this point to be a good parent and take proper care of the children."

We are called upon to discuss and interpret Rule 510 of the Texas Rules of Civil Evidence which protects communications between a client and professional from disclosures to third parties. We are here concerned with the exceptions to the privilege which allow the communications to be disclosed. Disclosure may be made and no privilege exists.

When a judge finds that the patient after having been previously informed that communications would not be privileged, has made communications to a professional in the course of a court ordered examination relating to the patient's mental or emotional condition or disorder, providing that such communications shall not be privileged only with respect to issues involving the patient's mental or emotional health. On granting of the order, the court, in determining the extent to which any disclosure of all or any part of any communication is necessary, shall impose appropriate safeguards against unauthorized disclosure. Tex.R. Civ.Evid. 510(d)(4).

When the disclosure is relevant to any suit affecting the parent-child relationship. Tex.R.Civ.Evid. 510(d)(6).

Are exceptions (d)(4) and (d)(6) in conflict? Appellant claims that 510(d)(4) applies, and since the trial court failed to inform Appellant that her communications to Dr. Johannsen would not be privileged, the testimony of Dr. Johannsen should not have been admitted and the trial court erred in allowing the testimony. Appellee contends the privilege does not apply because of Rule 510(d)(6) which clearly says that it does not pertain when the disclosure is relevant in any suit affecting the parent-child relationship.

We believe that this case falls directly under (d)(4) and the trial court having ordered the examination and having failed to inform Appellant that her communications with the Dr. Sandra Johannsen were not privileged committed error in allowing the doctor to testify. We further believe that (d)(6) of Rule 510 pertains to those situa-

tions where there may be mental health information available without the benefit of court order, as provided by Rule 510(d)(4), which is relevant to a suit involving and affecting the parent-child relationship.

Point of Error No. Three is sustained.

Point of Error No. Four of Appellant, Susana Juarez Subia, asserts there is no evidence to support the termination of the parent-child relationship between her and the minor child, Oscar Marruffo, Jr.

Point of Error Nos. Three and Four of Appellant, Raul Subia, assert there is no evidence to support the termination of the parent-child relationship between him and the minor children, Imanuel Manulito Subia and Jesus Raul Subia.

At the time of trial, the Appellants, Susana Juarez Subia and her husband, Raul Subia, were living apart and a divorce was pending. Oscar Marrufo, Jr., a/k/a Oscar Subia, was born during the marriage of the Appellants but both Appellants admitted that the father of the child was Oscar Marrufo. Oscar Marrufo also testified that the child was his, but Oscar Marrufo was not made a party to this termination case though he was living with the mother, Appellant Susana Juarez Subia, at the time of trial. The grounds alleged by the Appellee for termination of Appellant Susana Juarez Subia's parental rights as to Oscar Marrufo were the statutory grounds under the Tex.Fam.Code Ann. secs. 15.02(1)(D) and 15.02(1)(E) (Vernon 1986).

In considering a "no evidence" point, we must consider only the evidence and inferences which tend to support the finding of the jury and disregard all evidence and inferences to the contrary. *Garza v. Alviar,* 395 S.W.2d 821, 823 (Tex.1965). If there is any evidence of probative force to support the finding of the jury, the point must be overruled and the finding upheld. *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660 (Tex.1951). Also in considering the "no evidence" point, we must apply the "clear and convincing" evidence standard which refers to " 'that measure or degree of proof which will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to

be established.' " *G.M. v. Texas Department of Human Resources,* 717 S.W.2d 185 (Tex.App.—Austin 1986, no writ).

■ There was evidence before the jury that a child of the Subias had died while in their care. Another child, Imanuel Manulito Subia, had suffered brain damage while in their care and, if believed, both incidents occurred under disputed suspicious circumstances. The situation in the home under these conditions were bad and, in addition, the jury had before it the testimony of Dr. Johannsen as well as other testimony. *Allred v. Harris County Child Welfare Unit,* 615 S.W.2d 803 (Tex.Civ.App.—Houston [1st Dist.] 1980, writ ref'd n.r.e.); *Navarrette v. Texas Department of Human Resources,* 669 S.W.2d 849 (Tex.App.—El Paso 1984, no writ). There was evidence to support the termination of the parental rights to these three children. We are unable to determine what effect the improper testimony of Sandra Johannsen or the inadmissible hearsay testimony of the caseworker, Sheila Mitchell, might have had on the jury. We do know the attorney for the Appellee, in his argument to the jury, argued the testimony by both witnesses.

Points of Error Nos. Three and Four of Appellant, Raul Subia, are overruled.

Point of Error No. Four of Appellant, Susana Juarez Subia, is overruled.

We are fully cognizant of the importance of what is in the best interest of the children, and undoubtedly the evidence is capable of being properly produced which might result in the same verdict. We are also aware that parents should have their constitutional rights fully protected. This can only be done by another trial.

We reverse the judgment of the trial court and remand the case to the trial court for a new trial.