Affirmed and Memorandum Opinion filed April 28, 2005









Affirmed and Memorandum Opinion filed April 28, 2005.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-00161-CV

____________

 

DONGSHENG LI, Appellant

 

V.

 

FORMARK
DEVELOPMENT, INC., Appellee

 



 

On Appeal from the 55th
Judicial District Court

Harris County, Texas

Trial Court Cause No. 2003-47327

 



 

M E M O R A N D U M   O P I N I O N








Appellant, Dongsheng Li, appeals from an
order dismissing his case without prejudice.[1]  In his sole point of error, appellant
contends the trial court erred in striking his petition and dismissing his case
because: (1) he properly filed a petition stating a cause of action; and (2) he
was not given proper notice to amend any defects in the petition.  We affirm.

The record reflects that on August 26,
2003, approximately one year after moving into his new house, appellant filed
suit against the builder, Formark Development, Inc. (AFormark@).  Appellant commenced his pro se suit by filing
a document entitled AMotion: Requesting Compensation to Our
House.@  The motion consisted of a two-sentence
request for Acompensation@ for loss suffered
due to Amisconduct@ in building the
house.  Attached to the motion were: (1)
a letterCthat appellant had
previously sent to FormarkClisting the
specific building defects allegedly in need of repair;[2]
(2) a copy of the earnest money contract; and (3) a plot map of the property on
which the house was built.








Formark responded with a general denial
and special exceptions, claiming that appellant=s Apetition@ was deficient in
both form and substance.  Specifically,
Formark averred that appellant failed to: (1) properly plead a discovery level;
(2) provide fair notice of his specific claims; (3) plead a cause of action or
any of the elements necessary to support a cause; and (4) use the proper form
in drafting a petition.[3]  The trial court scheduled a hearing for
October 13, 2003, to address Formark=s special
exceptions.  However, when appellant did
not appear at this hearing, the court reset the hearing for October 28, 2003.[4]


At the October 28 hearing, the court
sustained the special exceptions and ordered appellant to cure the pleading
deficiencies by repleading within ten (10) days.  Ten days passed and appellant failed to
comply.  Formark then filed a motion to
strike the petition and dismiss the lawsuit. 
The trial court held a second hearing on November 7, 2003, and rather
than dismissing appellant=s suit, ordered the parties to attend
mediation.[5]  After efforts to resolve the dispute through
mediation proved futile, Formark filed a second motion to strike the petition
and dismiss the lawsuit.  The trial court
again held a hearing, on February 6, 2004, and this time struck appellant=s petition and
dismissed his suit without prejudice.

In his sole point of error, appellant
argues the trial court erred in sustaining Formark=s special
exceptions and dismissing his suit. 
Specifically, appellant claims his petition sufficiently met the
requirements of the Texas Rules of Civil Procedure and that it properly stated
a cause of action.  Furthermore, he
contends he was not provided written instructions from the judge regarding the
need to cure his defective pleadings.








We review a trial court=s decision to
sustain special exceptions under an abuse of discretion standard.  Mowbray v. Avery, 76 S.W.3d 663, 678
(Tex. App.CCorpus Christi 2002, pet. denied); LaRue
v. GeneScreen, Inc., 957 S.W.2d 958, 961 (Tex. App.CBeaumont 1997,
pet. denied).  In considering special
exceptions, the trial court is granted broad discretion.  City of Austin v. Houston Lighting &
Power Co., 844 S.W.2d 773, 783 (Tex. App.CDallas 1992, writ
denied).  We will not disturb that
discretion unless the court acted Ain an arbitrary or
unreasonable manner without reference to any guiding rules or principles.@  Walker v. Gutierrez, 111 S.W.3d 56, 62
(Tex. 2003); Elliot v. Kraft Foods N. Am., Inc., 118 S.W.3d 50,
56 (Tex. App.CHouston [14th Dist.] 2003, no pet.).

Special exceptions are intended to Apoint out
intelligibly and with particularity the defect, omission, obscurity, duplicity,
generality, or other insufficiency in the allegations@ or otherwise
require the adverse party to clarify his pleadings Awhen they are not
clear or sufficiently specific.@  State ex rel. White v. Bradley, 956
S.W.2d 725, 744 (Tex. App.CFort Worth 1997), rev=d on other grounds, 990 S.W.2d 245
(Tex. 1999); Villarreal v. Martinez, 834 S.W.2d 450, 451 (Tex. App.CCorpus Christi
1992, no pet.); see also Tex. R.
Civ. P. 91.  Furthermore, the
exceptions inform a party of the need to cure pleading defects, if possible,
without immediately imposing the harsh sanction of dismissal.  See Horizon v. Auld, 34 S.W.3d 887,
897 (Tex. 2000).

Generally, if a trial court sustains a
party=s special
exceptions, the other party must be given an opportunity to amend the pleadings
before the case is dismissed.  Friesenhahn
v. Ryan, 960 S.W.2d 656, 658 (Tex. 1998); Mowbray, 76 S.W.3d at
677.  AIf the pleader
refuses to amend, or the amendment fails to [cure the defects], the trial court
may dismiss the case.@ Mowbray, 76 S.W.3d at 677B78; see also
Friesenhahn, 960 S.W.2d at 658; Melendez v. Exxon Corp., 998 S.W.2d
266, 272 (Tex. App.CHouston [14th Dist.] 1999, no pet.).  Therefore, Athe right to amend
does not extend to the privilege of multiple opportunities to amend in the face
of repeated grants of special exceptions.@   Mowbray, 76 S.W.3d at 677.








Here, appellant
filed a petition entitled AMotion: Requesting
Compensation to Our House.@  The motion was copied from a sample form used
in small claims court for Justice of the Peace, Harris County Precinct
Five.  The motion itself consists of no
more than a two sentence request for Acompensation@ for Athe loss we have
due to [Formark=s] misconducting [sic] in building our
house.@  It failed to plead a discovery level which,
by itself, may be grounds for a special exception.[6]  See Huddleston v. Western Nat=l Bank, 577 S.W.2d 778,
781 (Tex. App.CAmarillo 1979, writ ref=d n.r.e.); see
also Tex. R. Civ. P. 190.1.  Because Formark specially
excepted in part on this basis, the court did not abuse its discretion in
sustaining the special exceptions.[7]


Once Formark=s special
exceptions were properly sustained, appellant was required to abide by the
court=s order to cure
the defect and replead within 10 days.  See
Huddleston, 577 S.W.2d at 781.  In
fact, he was required to do so or risk possible dismissal.  See Mowbray, 76 S.W.3d at 677B78; see also
Friesenhahn, 960 S.W.2d at 658; Melendez, 998 S.W.2d at 272.  Because appellant failed to replead as
instructed by the court, the court did not err in dismissing his lawsuit.  See Holt v. Reproductive Servs., Inc.,
946 S.W.2d 602, 604B05 (Tex. App.CCorpus Christi
1997, writ denied) (explaining that a 
trial court does not err when it dismisses a cause of action when it
properly sustained special exceptions and the plaintiff failed to properly amend);
see also Mowbray, 76 S.W.3d at 677B78; Friesenhahn,
960 S.W.2d at 658; Melendez, 998 S.W.2d at 272.  Accordingly, we find that the trial court did
not abuse its discretion in striking appellant=s pleadings and
dismissing his suit.








We also disagree with appellant=s contention that
he did not receive any notice from the trial judge of his need to cure the
pleading defects.  Appellant argues on
appeal that the only instruction he received regarding the defects came from
Formark=s attorney and
that he never received a signed order from the judge requiring him to
replead.  However, the record suggests
otherwise.

The trial judge signed an order at the
October 28 hearing admonishing appellant that he needed to cure certain defects
in his Apetition.@  The order listed the specific defects and
explained that appellant must Areplead within ten
(10) days from the date of this Order.@  The order further warned appellant that if he
did not timely amend his petition, his pleadings might be struck and his cause
of action dismissed.  Appellant has not
disputed that he was present at the October 28 hearing.  Neither has he disputed that he represented
himself at this hearing and had an opportunity to present his argument to the
court regarding Formark=s special exceptions.  Therefore, the record indicates that
appellant was properly advised of the pleading defects and was ordered to
replead in accordance with the court=s
instructions.  His failure, or refusal,
to do so provided the court with a reasonable basis for dismissing his
suit.  See, e.g., Holt, 946
S.W.2d at 604B05. 
As such, we overrule appellant=s sole point of
error.








The dangers of self-representation are
well documented in criminal law.  The
danger is no less real in civil litigation. 
Unless the pro se litigant appears in a small claims court, he is
granted no special consideration owing to his ignorance of technical rules of
evidence and procedure.[8]  Here, appellant has fervently sought the
assistance of both this court and the court below to rectify perceived
injustice.  Appellant may well have
legitimate grievances, and we are not insensitive to his alleged plight.[9]  However, appellant sought relief in the court
below apparently thinking he could informally apprise the judge of his
complaints without the necessity of formal pleadings and evidence.  On appeal, appellant has followed a similar
course of conductCnot appreciating that our appellate record
contains no formal evidence to support his allegations of deceptive trade
practices, or even recognizing that the issue on appeal is limited solely to
whether appellant=s Amotion@ met the essential
requirements of a petition.

The judgment of the trial court is
affirmed.

 

 

 

 

/s/      J. Harvey Hudson

Justice

 

 

 

 

Judgment
rendered and Memorandum Opinion filed April 28, 2005.

Panel consists of Justices Yates,
Anderson, and Hudson.  (Yates, J. and
Anderson, J. concur without opinion in the judgment only.)











[1]  We note that
Mr. Li has attempted to style this cause as Dongsheng Li and Xueli Lei v.
Rosemead Homes, Eldridge View/Formark Development, Inc., and President William
Wang and Vice President Jim. 
However, Mr. Li is not an attorney and is acting pro se.  Accordingly, he is not authorized to
represent Ms. Lei and she did not file a notice of appeal in her own behalf.  See, e.g., Tex. Gov=t Code Ann. ' 81.101B.102
(Vernon 2005) (defining unauthorized practice of law); Tex. Pen. Code Ann. ' 38.123
(Vernon 2003) (explaining that the unathorized practice of law is a Class A
misdemeanor); Crain v. The Unauthorized Practice of Law Comm. of the Sup.
Ct. of Tex., 11 S.W.3d 328, 332B334
(Tex. App.CHouston [1st Dist.] 1999, pet. denied) (explaining
that a person who is not a licensed attorney may not represent other persons in
legal matters).  Thus, the only appellant
before this court is Mr. Li.

Moreover, the only appellee properly
before this court is Formark.  Even
though both appellant=s original petition and notice of appeal list
additional partiesCnamely Rosemead Homes, President William Wang, and
Vice President Jim [sic]Cthere is no evidence in our record that any of these
other entities or individuals were properly served or otherwise made parties to
the original suit.  Formark is the only
party listed in the trial court=s orders throughout the proceedings below.  Therefore, we regard Formark as the only
appellee in this cause.





[2]  Appellant
alleges serious defects and deficiencies in the construction of his home.  For example, he alleges the foundation has
cracked, one wall has cracked, the windows will not close properly causing the
security system to malfunction, the roof gutters spill water into the house,
human feces was left inside an air plenum, the garage door does not close
properly, etc. 





[3]  Formark relied
on the Texas Rules of Civil Procedure to support each of its contentions.  See Tex.
R. Civ. P. 190.1, 47(a), 45(b), and 45(a), respectively.





[4]  Appellant
alleges he was out of the country when the notice of hearing was
delivered.  It is not entirely clear from
the record whether he had returned home at the time of the October 13 hearing
and simply overlooked the notice.  In any
event, the trial court did not rule on Formark=s
special exceptions at that time, but instead, rescheduled the hearing for
October 28.  Appellant appeared pro se on
October 28 and was provided the opportunity at a hearing to present his
argument regarding Formark=s special exceptions.





[5]  Formark argues
on appeal that the trial court again admonished appellant of the need to cure
the pleading defects.  However, the only
indication in the record as to the court=s
actions is that it took the special exceptions Aunder advisement@ and refused to rule on them at that time.





[6]  Appellant argues on appeal that he
sufficiently pled discovery level one because he requested $40,000 in damagesCan amount within the parameters of
level one.  See Tex. R. Civ. P. 190.2 (explaining that discovery level one applies to any suit where only
monetary damages of $50,000 or less is requested).  However, simply listing a desired damage
amount is insufficient to properly plead a discovery level under the Rules of
Civil Procedure.  See Tex. R. Civ. P. 190.1 (AA plaintiff must allege in the
first numbered paragraph of the original petition whether discovery is intended to be conducted
under Level 1, 2, or 3 of this Rule.@) (emphasis added).





[7]  Formark also claimed in its special
exceptions that the motion failed to provide fair notice of appellant=s specific claims.  AFair notice@ is required of any original pleading and without such
notice, a party is entitled to file special exceptions requesting the plaintiff
to plead specifically.  See  Tex. R. Civ. P.  47(a); Subia v.
Tex. Dept. of Human Servs., 750 S.W.2d 827, 829 (Tex. App.CEl Paso 1988, no writ).  The letter attached to appellant=s motion provides some notice of
the alleged defects in his home, however, appellant has not pled a cause of
action by setting forth the elements of a cause of action.





[8]  In a small
claims court, no formal pleadings are required and the hearing of such claims
is conducted informally.  Tex. Gov=t Code Ann. ' 28.033 (Vernon 2004). 





[9]  Perceiving
that consumers need the assistance of counsel to prosecute their claims, the
legislature has provided that each Aconsumer
who prevails [in a suit for deceptive trade practices] shall be awarded court
costs and reasonable and necessary attorneys= fees.@  Tex. Bus. & Com. Code Ann. ' 17.50(d) (Vernon 2002).  Here, the trial court dismissed appellant=s suit without prejudice.  Thus, if appellant had a meritorious claim,
counsel might well have salvaged some cause of action by refiling the suit
after the trial court=s dismissal. 
Now, after a year‑long appeal, the prospect of a viable cause of
action, if one ever existed, has undoubtedly diminished.