**Frederick FRIESENHAHN, Nancy Friesenhahn, and Todd Friesenhahn, Petitioners,**

v.

**Stephan G. RYAN and Sandra Ryan, individually and as natural parents of Sabrina A. Ryan, a minor deceased, and Stephen G. Ryan, as temporary administrator of the estate of Sabrina A. Ryan, deceased, Respondents.**

No. 95–1314.

Supreme Court of Texas.

Argued Jan. 15, 1998.

Decided Jan. 16, 1998.

Ross S. Crossland, Austin, for Petitioners.

Donald J. Mach, San Antonio, for Respondents.

ABBOTT, Justice, delivered the opinion of the Court, in which PHILLIPS, Chief Justice, and GONZALEZ, HECHT, ENOCH, OWEN, BAKER and HANKINSON, Justices, join.

We determine whether the trial court should have allowed the plaintiffs an opportunity to amend their pleadings before the trial court rendered a take-nothing summary judgment against them. Under the circumstances of this case, we conclude that the trial court erred in rendering summary judgment. We accordingly affirm the judgment of the court of appeals.

Todd Friesenhahn, son of Nancy and Frederick Friesenhahn, held an open invitation party at his parents' property. Guests, many of whom were under the age of twenty-one, were encouraged to "bring your own bottle." Seventeen-year-old Sabrina Ryan attended the party and later died in a one-car accident after allegedly leaving the party in an intoxicated condition.

Sabrina's parents, Sandra and Stephen Ryan, in their individual capacities, and Stephen Ryan, as administrator of his daughter's estate, sued Todd, Nancy, and Frederick Friesenhahn for wrongful death, negligence, and gross negligence. The

Ryans claimed that (1) Todd Friesenhahn and others acting in concert with him directly or indirectly made alcohol available to those attending the party; (2) the Friesenhahns were negligent in allowing the party to continue on their property when they knew that minors were possessing, exchanging, and consuming alcohol, and in directly or indirectly inviting Sabrina to the party; and (3) the Friesenhahns wrongfully allowed Sabrina to become intoxicated and drive in this condition.

The Friesenhahns filed special exceptions contending that no cause of action exists in Texas for social host liability.[1] On March 23, 1992, the trial court orally rendered an order that was signed on November 13, 1992, which (1) denied the special exceptions to the Ryans' individual claims, (2) granted the special exceptions to the cause of action brought on Sabrina's behalf and struck those pleadings, and (3) allowed the Ryans to file a motion for leave to amend their pleadings to state a cause of action on Sabrina's behalf, but restricted the time for doing so to a period not sooner than twenty-five days before trial, and not later than eight days before trial.

The docket sheet reveals that there had been a trial setting of November 16, 1992. However, another notation in the docket sheet seems to indicate that the November 16, 1992 trial setting had been dropped. In any event, under the trial court's order, the Ryans could not file an amended petition on Sabrina's behalf before October 22, 1992.

Before the Ryans had an opportunity to amend Sabrina's claims, the Friesenhahns moved for summary judgment claiming that the Ryans' pleadings failed to state a cause of action by not positing a cognizable legal duty owed by the Friesenhahns. The motion was set for hearing on October 14, 1997. In response, the Ryans contended that the motion for summary judgment was premature because the time period in which they could amend their pleadings to state an appropriate cause of action had not begun, and that

the motion should be overruled or at least abated. The trial court denied the Ryans' request for abatement and granted summary judgment on all the Ryans' claims against the Friesenhahns.

The court of appeals held that the trial court erred in not giving the Ryans an opportunity to amend their pleadings and that the Ryans had stated a cause of action for negligence and negligence per se. 911 S.W.2d 113, 116–18. We agree that, under the circumstances of this case, the Ryans should have had an opportunity to amend before summary judgment was rendered against them. Accordingly, we affirm the judgment of the court of appeals. However, we express no opinion on the court of appeals' conclusion that the Ryans' pleadings stated a cause of action for negligence and negligence per se.

■■■ Special exceptions may be used to challenge the sufficiency of a pleading. *See Fort Bend County v. Wilson*, 825 S.W.2d 251, 253 (Tex.App.—Houston [14 th Dist.] 1992, no writ); Tex.R. Civ. P. 91. When the trial court sustains special exceptions, it must give the pleader an opportunity to amend the pleading. *Texas Dep't of Corrections v. Herring*, 513 S.W.2d 6, 10 (Tex.1974). If a party refuses to amend, or the amended pleading fails to state a cause of action, then summary judgment may be granted. *Herring*, 513 S.W.2d at 10. Summary judgment may also be proper if a pleading deficiency is of the type that could not be cured by an amendment. *Swilley v. Hughes*, 488 S.W.2d 64, 67 (Tex.1972).

■■■ The trial court granted special exceptions only with regard to the claims asserted on Sabrina Ryan's behalf. The court permitted the Ryans to replead on Sabrina's behalf only during a period no sooner than twenty-five days before trial and no later than eight days before trial. Assuming that trial was set for November 16, 1992, the Ryans could not have amended the pleadings on behalf of Sabrina before the October 14, 1992 sum-

---

**1.** This lawsuit was resolved at the trial court before this Court issued *Graff v. Beard*, 858 S.W.2d 918, 921 (Tex.1993), and *Smith v. Merritt*, 940 S.W.2d 602, 607–08 (Tex.1997), which, to-

gether, establish that social host liability does not exist in Texas for serving alcohol to persons age 18 and older.

mary judgment hearing without violating the court order. Similarly, those pleadings could not have been amended if the trial setting had been dropped. Accordingly, we agree with the court of appeals that the trial court erred by not affording the Ryans the opportunity to amend their petition to state a cause of action on Sabrina Ryan's behalf.

■ Moreover, under the circumstances of this case, summary judgment against the Ryans in their individual capacity was improper without giving them an opportunity to amend their pleadings. The Friesenhahns' motion for summary judgment was premised on their claim that "the Plaintiffs have failed to state a cause of action." Because the trial court denied the special exceptions to the Ryans' individual claims, they were never on notice that their pleadings may be deficient. Before a court may grant a "no cause of action" summary judgment in such a situation, it must give the parties an adequate opportunity to plead a viable cause of action. *Pietila v. Crites,* 851 S.W.2d 185, 186 n. 2 (Tex.1993); *Massey v. Armco Steel Co.,* 652 S.W.2d 932, 934 (Tex.1983). Consequently, the trial court improperly rendered summary judgment against the Ryans.

Because summary judgment was improperly rendered against the Ryans before they had an opportunity to replead, we affirm the judgment of the court of appeals remanding the Ryans' claims for trial. Based on the record presented in this case, it is not necessary, and would be inappropriate, to determine whether the Ryans' pleadings appropriately stated a cause of action sounding in either negligence or negligence per se. Accordingly, we express no opinion on the court of appeals' conclusion that the Ryans stated negligence and negligence per se causes of action.

SPECTOR, J., did not participate in the decision.