Reversed and Remanded and Opinion filed November 14, 2002











Reversed and
Remanded and Opinion filed November 14, 2002.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-02-00173-CV

_______________

 

WOLFGANG
HIRCZY DE MIÑO, Appellant

 

V.

 

VERONICA ALVAREZ, Appellee

________________________________________________________

 

On Appeal from
the 312th District Court

Harris County, Texas

Trial Court
Cause No. 01-64436

________________________________________________________

 

O P I N I O N

            Wolfgang Hirczy De Miño appeals the
trial court’s order dismissing his claims against Veronica Alvarez and awarding
her sanctions against him on various grounds. 
We reverse and remand.

 








Background

            De Miño brought this suit against
Alvarez alleging, among other things, tortious interference with his employment
and seeking to enjoin Alvarez from interfering with De Miño’s employment and
business relationships.  De Miño’s
petition alleged that he lost his job with the University of Houston after
Alvarez lodged a harassment complaint against him in retaliation for De Miño’s
appearance as an interested party at a contempt proceeding between Alvarez and
the father of her child.  Alvarez filed a
motion to dismiss and for Rule 13[1]
sanctions, among other things, on the ground that De Miño’s pleadings were
frivolous and failed to state a claim upon which relief could be granted.  The trial court entered a combined “Findings,
Conclusions, Orders and Judgment”[2]
concluding that De Miño’s pleadings did not state a claim upon which relief may
be granted, dismissing those pleadings without prejudice, awarding Alvarez
$2,800 in attorney’s fees as sanctions, and denying De Miño’s motion for
sanctions against Alvarez’s attorney.[3]

Dismissal
for Failure to State a Claim

            De Miño’s fifth issue[4]
contends that the trial court erred in dismissing his case for failure to state
a claim without allowing him an opportunity to amend his pleading.  We agree.

            A trial court may not render judgment against a party for
a failure of its pleadings to state a claim upon which relief can be granted
without first identifying the pleading deficiency and allowing the party to
amend its pleadings, unless the pleadings affirmatively 

class=Section3> 

negate the existence of a
claim or the record otherwise reflects that the deficiency cannot be cured by
amendment.[5]  In this case, the portion of Alvarez’s motion
to dismiss asserting a failure to state a claim did not identify any deficiency
in De Miño’s pleadings or contend that the deficiency could not be cured by
amendment or that the pleadings affirmatively negated relief.[6]  Similarly, the trial court’s findings of fact
and conclusions of law state that De Miño’s pleadings did not state a cause of
action but do not specify any basis for this conclusion.[7]  Accordingly, we sustain De Miño’s fifth point
of error.  Without a basis to affirm the
dismissal, we similarly lack a basis to conclude that an award of attorney’s
fees against De Miño was appropriate.[8]  Therefore, we reverse the judgment of the
trial court and remand the case for further proceedings.

 

                                                                                    

                                                                        /s/        Richard H. Edelman

                                                                                    Justice

 

Judgment
rendered and Opinion filed November 14, 2002.

Panel
consists of Justices Edelman, Seymore, and Guzman.

Do
Not Publish — Tex. R. App. P.
47.3(b).











[1]           See Tex. R. Civ. P. 13.





[2]           Contra Tex. R. Civ. P. 299a (stating that
findings of fact shall not be recited in a judgment).





[3]           The trial court’s judgment recited
no other grounds for its dismissal than failure to state a claim upon which
relief could be granted.





[4]           Because this issue is dispositive
of the appeal, we address it first.





[5]           See, e.g.,
County of Cameron v. Brown, 80 S.W.3d 549, 555, 559 (Tex. 2002) (reversing
dismissal on plea to jurisdiction for failure to allow opportunity to replead);
Friesenhahn v. Ryan, 960 S.W.2d 656,
659 (Tex. 1998) (reversing summary judgment based on failure to state a claim
without allowing opportunity to replead); Tex.
Dep’t of Corrs. v. Herring, 513 S.W.2d 6, 10 (Tex. 1974) (same).





[6]           Instead, this portion of Alvarez’s
motion sought to refute De Miño’s claims on the merits by alleging that her
actions had been justified to protect herself from De Miño’s sexual harassment.





[7]           Nor is it apparent why an
allegation that the filing of a false harassment claim caused a loss of
employment could not state a claim for tortious interference.





[8]           De Miño’s brief fails to
demonstrate that sanctions should have been awarded in his favor, and his other
challenges need not be addressed in light of our reversal of the judgment.