COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-07-172-CV

 

 

EMMA LOU GLENN                                                              APPELLANT

 

                                                   V.

 

NORTEX
FOUNDATION DESIGNS,                                           APPELLEES

INC. AND JERRY L. COFFEE, P.E.                                                           

 

                                              ------------

 

           FROM
THE 236TH DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

I.  Introduction








Emma Lou Glenn challenges the
summary judgment granted in favor of Appellees Nortex Foundation Designs, Inc.
and Jerry L. Coffee, P.E. on her claims for breach of implied warranties and
negligence in the design of the foundation of her home.  Because, under the summary judgment evidence
presented, no cause of action exists in favor of Glenn and against Appellees
for breach of an implied warranty and because Glenn did not plead any cause of
action that would entitle her to the attorney=s fees and damages that she sought to recover from Appellees, we will
affirm the trial court=s summary
judgment granted in favor of Appellees.

II.  Factual and Procedural Background

Glenn purchased a home
located in Mansfield, Texas, from Mercedes Homes of Texas, Ltd.  Mercedes warranted that the home was
registered with Home Buyers Warranty Corporation (HBWC) and National Home
Insurance Company (NHIC).  Appellees
designed or were involved with the design of the foundation of the home that
Glenn purchased. 

When Glenn discovered that
her home had sustained a structural defect, making it unsafe or unlivable, she
filed a notice of claim, which was denied by HBWC and NHIC.  Glenn thereafter filed suit against Mercedes,
HBWC, NHIC, and Appellees.  Glenn
asserted claims against (1) Mercedes for negligence and malice, breach of
contract and warranty, violations of the Texas Deceptive Trade Practices Act
(DTPA), and fraud; (2) HBWC and NHIC for negligence; and (3) Appellees for
negligence and breach of warranties. 
Glenn sought  mental anguish
damages from all defendants and attorney=s fees solely from Mercedes. 








Glenn=s claims against Mercedes, HBWC, and NHIC were submitted to binding
arbitration.  Although Appellees did not
participate in the binding arbitration, the arbitrator found that Nortex was
75% responsible for the damage to Glenn=s home and that Mercedes was 25% responsible for the damage to Glenn=s home. 

Testimony at the arbitration
revealed that Mercedes had made a settlement offer, which Glenn had rejected,
and that Mercedes had thereafter clarified and remade a settlement offer, which
Glenn also rejected.  Glenn admitted
during the arbitration that she had rejected the ultimate buy-back offer
extended by Mercedes because she would have Alost@ $60,000 to
$70,000 of the offered amount in order to pay her attorney under her 40%
contingency fee arrangement, thereby revealing Athat her rejection was based not on the paucity of the offer but,
rather, on the financial burden imposed by her fee arrangement.@  The arbitrator determined that
Glenn=s rejection of Mercedes=s clarified settlement offer was not reasonable and that Glenn had
failed to mitigate her damages.  








The arbitrator found that the
reasonable value of the necessary legal services rendered by Glenn=s attorney totaled $91,150; however, the arbitrator reduced the amount
of attorney=s fees that
Glenn could recover from Mercedes to $50,000 because of her failure to
mitigate.  The arbitrator also found that
Glenn had failed to establish proof of the elements of mental anguish by a
preponderance of the evidence and therefore determined that she take nothing on
that claim.  The arbitrator ultimately
allowed Glenn to recover from Mercedes and NHIC, jointly and severally,
$227,884.39 in damages; $50,000 in reasonable and necessary attorney=s fees; costs in the sum of $19,736.50; and interest on these awards
at the rate of 10% per annum.  

Approximately seven months
after the arbitrator entered his award, Appellees filed a motion for summary
judgment on Glenn=s claims
against them for breach of warranties and negligence.  Appellees argued in their motion that as a
matter of law Texas courts do not recognize an implied warranty between a
subcontractor and a homeowner, that Glenn may not recover the same damages from
them that she recovered from Mercedes and NHIC in the arbitration, that Glenn
was collaterally estopped by the arbitrator=s award from obtaining damages from Appellees for mental anguish, that
Glenn failed to state a claim upon which mental anguish could be recovered, and
that Glenn failed to state a claim upon which attorney=s fees could be recovered.








Glenn filed a response to
Appellees= motion for
summary judgment.  In her response, Glenn
contended that Appellees= motion for
summary judgment should be denied because (1) Texas law recognizes an implied
warranty owed by a subcontractor to a homeowner where the subcontractor
performs work on a newly constructed home, (2) Appellees were not parties to
the arbitration proceeding and therefore cannot raise collateral estoppel or
issue preclusion, and (3) a question of material fact exists as to whether
Glenn was made whole by the damages she was awarded in the arbitration
proceeding. 

The trial court held a
hearing on Appellees= motion for
summary judgment and granted it. 
Thereafter, Appellees filed, and the trial court granted, a motion to
sever Glenn=s claims
against them from the claims involving Mercedes, HBWC, and NHIC. 

Glenn filed a motion for new
trial; however, the record does not include an order on Glenn=s motion for new trial, which presumably was overruled by operation of
law.  This appeal followed.

III.  Traditional Summary Judgment Standard of
Review[2]








A defendant who conclusively
negates at least one essential element of a cause of action is entitled to
summary judgment on that claim.  IHS
Cedars Treatment Ctr. of DeSoto, Tex., Inc. v. Mason, 143 S.W.3d
794, 798 (Tex. 2004); see Tex. R.
Civ. P. 166a(b), (c).  When
reviewing a summary judgment, we take as true all evidence favorable to the
nonmovant, and we indulge every reasonable inference and resolve any doubts in
the nonmovant=s
favor.  IHS Cedars Treatment Ctr.,
143 S.W.3d at 798.

In general, it is improper to grant a summary judgment on a
deficient pleading=s failure to state a cause of action when
the deficiency can be attacked through a special exception.  In re B.I.V., 870 S.W.2d 12, 13 (Tex.
1994); Pietila v. Crites, 851 S.W.2d 185, 186 n.2 (Tex. 1993); Massey
v. Armco Steel Co., 652 S.W.2d 932, 934 (Tex. 1983); Tex. Dep=t of Corrections
v. Herring, 513 S.W.2d 6, 9B10 (Tex. 1974).  But if the party refuses to amend, or the
amended pleading fails to state a cause of action, summary judgment may be
granted.  See Friesenhahn v. Ryan,
960 S.W.2d 656, 658 (Tex. 1998).  Moreover, when the pleading deficiency is the
type that cannot be cured by an amendment, a special exception is unnecessary
and a summary judgment based on the pleading=s failure to state a legal claim is in order.  Id.

IV. Glenn=s Claims Against Appellees 

 








As mentioned above, Glenn, in
her second amended original petition, pleaded causes of action against
Appellees for breach of implied warranty and for professional negligence.  However, after culling through Glenn=s appellate brief numerous times, as best we can tell, Glenn=s arguments on appeal are all an attempt to recover the attorney=s fees and mental anguish damages that she was unsuccessful in
recovering from Mercedes during the arbitration.[3]  After reviewing the evidence, we conclude
that she is entitled to neither and that summary judgment for Appellees was
therefore proper.

A.     Implied Warranty Claim By
Owner Against A Subcontractor

In her first issue, Glenn
attempts to recover attorney=s fees by arguing that a licensed structural engineer, who designs a
foundation for a particular residence and thereafter applies his seal to
certify the foundation=s
engineering plans, which the engineer knows will be used to build the
foundation described in the plans, impliedly warrants to the ultimate purchaser
of the home that the foundation has been designed in a good and workmanlike
manner.  Glenn therefore argues that the
trial court erred as a matter of law by granting summary judgment in favor of
Appellees on this issue.  








Texas courts have
consistently held that a property owner may not recover from a subcontractor
with whom the owner had no direct contractual relationship.[4]  See J.M. Krupar Constr. Co. v. Rosenberg,
95 S.W.3d 322, 332 (Tex. App.CHouston [1st Dist.] 2002, no pet.) (holding that homeowner did not
have cause of action for common law breach of implied warranty against
subcontractor who performed foundation work on home and stating that homeowner=s remedy for damages resulting from faulty construction was against
general contractor); Raymond v. Rahme, 78 S.W.3d 552, 563 (Tex. App.CAustin 2002, no pet.) (noting that, because property owner has
recourse against general contractor with whom he contracted, Athere is no compelling public policy reason to impose an implied
warranty against a subcontractor,@ and holding evidence legally insufficient to support a finding of
implied warranty of good and workmanlike conduct between subcontractor and
property owner); Codner v. Arellano, 40 S.W.3d 666, 672B74 (Tex. App.CAustin 2001,
no pet.) (Adeclin[ing]
to apply, as a matter of public policy, an implied warranty   . . . between a homeowner and a
subcontractor@ who
constructed the home=s
foundation).  This court has also
specifically held that a homeowner=s implied warranty claim against a subcontractor is barred as a matter
of law.  See Rayon v. Energy
Specialties, Inc., 121 S.W.3d 7, 21 (Tex. App.CFort Worth 2002, no pet.).













In spite of such precedent
and Glenn=s concession
in her summary judgment response that Appellees were Anot a party to any contract [she] signed regarding the purchase of
[her] home,@  Glenn argues that neither Rayon, nor
other implied warranty cases involving homeowners, have Apresented the critical condition, as here, where the structural
engineer, who designed the foundation and applied his engineering seal to the
foundation plans, failed to properly design the foundation upon which the
future homeowner=s home would
rest.@  Glenn=s argument, attempting to carve out a special common law implied
warranty for holding engineers liable by analogizing her situation to a case
holding a food manufacturer liable,[5]
has failed to persuade us that foundation engineers should be treated
differently under the law than other subcontractors.  Nor does Glenn=s argument nullify her remedy against the builderCwhich she has already obtained via the arbitration awardCwho in turn can look to the subcontractors for contribution or
indemnity, as applicable.[6]  Glenn has thus failed to persuade us that
public policy considerations entitle her to a double recovery from both the
builder and the subcontractors, the latter with whom she had no direct
contractual relationship.  See Codner,
40 S.W.3d at 673 (stating that an implied warranty will not be imposed unless
there is a demonstrated, compelling need for it and that it is not necessary to
impose an implied warranty as a matter of public policy if plaintiff has other
adequate remedies to redress the alleged wrongs committed by defendants).








To the extent that Glenn
attempts to argue that she was not fully compensated by the builder because the
arbitrator did not allow her to collect the full amount of attorney=s fees from the builder, Glenn=s argument fails.  The
arbitrator stated that Glenn=s recoverable attorney=s fees were reduced as a result of her failure to mitigate
damages after she rejected Mercedes=s reasonable settlement offer. 
Additionally, Glenn=s second amended original petition appears to plead for attorney=s fees solely from Mercedes and fails to state a claim against
Appellees that would enable her to recover attorney=s fees from them.  See
generally Holland v. Wal-Mart Stores, Inc., 1 S.W.3d 91, 95 (Tex. 1999)
(reciting well-established rule that A[a]n award of attorney=s fees may not be supplied by implication but must be provided for by
the express terms of the statute in question@).  Glenn is therefore not
entitled to recover attorney=s fees from Appellees.

Accordingly, we hold that the
trial court did not err by granting Appellees= summary judgment motion on Glenn=s claims for breach of implied warranties.[7]  See Pugh v. Gen. Terrazzo Supplies, Inc.,
243 S.W.3d 84, 89B90 (Tex.
App.CHouston [1st Dist.] 2007, pet. filed) (holding that trial court did
not err by granting subcontractor=s summary judgment motion on the homeowners= claims for breach of implied warranties of good and workmanlike
service and habitability).  We therefore
overrule Glenn=s first
issue.

In part of her second issue,
issue 2-C, Glenn makes a seemingly circular argument that the arbitration award
and her negligence claim do not provide her with an adequate remedy and that,
thus, we must impose an implied warranty in order for her to be fully
compensated.  Because we have already
declined to create such an implied warranty applicable to Appellees here, we
overrule Glenn=s issue 2-C.








 

 

B.     Professional Negligence
Claim and Mental Anguish Damages








In her third issue, Glenn
claims that she presented summary judgment evidence creating a genuine issue of
material fact concerning her entitlement to mental anguish damages; she claims
that she suffered an injury to her personal being and physical body as a result
of the damage to her home.  Because Glenn=s pleaded negligence cause of action was for only professional
engineering negligence that purportedly caused property damage to her home, she
is, as a matter of law, not entitled to mental anguish damagesCthe only damages that she seeks in connection with this cause of
action.  See, e.g., City of
Tyler v. Likes, 962 S.W.2d 489, 495, 497B99 (Tex. 1997) (holding that mental anguish based solely on negligence
causing property damage is not compensable as a matter of law, citing numerous
intermediate appellate court cases so holding and explaining that A[m]ental anguish damages are recoverable for some common law torts
that generally involve intentional or malicious conduct@ instead of negligence); Parkway Co. v. Woodruff, 901 S.W.2d
434, 442 (Tex. 1995) (affirming appellate court=s reversal of mental anguish damages awarded against developer for
negligence causing flooding of plaintiff=s home).  Consequently, the
trial court did not err by granting summary judgment for Appellees on Glenn=s professional negligence/mental anguish claim.  We therefore overrule Glenn=s third issue.[8]

C.     Other Damages

To the extent that Glenn=s brief could be liberally construed to seek recovery of other damages
from Appellees, we hold that any such arguments are inadequately briefed.  See Tex.
R. App. P. 38.1(h), 38.9.

V.  Conclusion

Having overruled all the
parts of Glenn=s issues
necessary for disposition of this appeal, we affirm the trial court=s grant of summary judgment in favor of Appellees.

SUE WALKER

JUSTICE

 

PANEL F:    DAUPHINOT,
HOLMAN, and WALKER, JJ.

 

DELIVERED: May 15,
2008











[1]See Tex. R. App. P. 47.4.





[2]Although
Appellees made some Ano
evidence@
arguments in their motion for summary judgment, the bulk of their arguments,
along with the attached summary judgment evidence, appear to seek a traditional
summary judgment.  We therefore utilize
the standard of review applicable to a traditional motion for summary judgment.





[3]Glenn
states, AAs a
result of the damage element being wiped clean from [her] two causes of action,
[Appellees] prevailed on summary judgment.@ 





[4]Because
Texas courts have consistently ruled on this issue and have adequately set
forth the public policy considerations involved, we decline Glenn=s
request to set forth yet another in-depth public policy analysis. 





[5]See
Jacob E. Decker & Sons, Inc. v. Capps, 139 Tex. 609, 622,
164 S.W.2d 828, 834 (1942) (holding that defendant, as the manufacturer and
vendor of sausage, was liable to consumer plaintiffs for the injuries caused to
them by the contaminated and poisonous substance in the sausage at the time the
defendants manufactured and sold it, even though defendant was not negligent in
processing it).





[6]The AConclusions
of Law@
section of the arbitrator=s
award states the following:

 

Mercedes Homes alleged theories of
contribution and indemnity against [Appellee] Nortex in the above-described
law[]suit.  [Appellees] are not
designated as Respondents, Third-Party Respondents or Responsible Third Parties
in this arbitration.  The Preliminary
Order, dated 27 March 2006, anticipating the denial of Mercedes Homes[>s]
Motion to Designate [Appellees] as Responsible Third Parties, is hereby made a
Final Order for purposes of this arbitration and without regard to the status
of [Appellees] in the suit now pending in the 236th District Court. 





[7]Glenn
argued in her appellate brief that if we determined that an implied warranty
exists, she would be free to amend her complaint to allege a DTPA cause of
action against Appellees based upon the breach of warranty and that she would
be entitled to attorney=s
fees if she prevailed on that newly added cause of action.  Thus, Glenn recognized that she did not plead
a DTPA cause of action against Appellees, and because we hold that no claim for
breach of an implied warranty exists against a subcontractor, we need not
further address any DTPA-related arguments.





[8]Although
both Glenn and Appellees in their appellate briefs address the collateral
estoppel effect of the arbitrator=s decision that Glenn was not
entitled to mental anguish damages, we must affirm a trial court=s
order generally granting summary judgment on any proper theory presented to the
trial court.  See Provident Life & Accident Ins.
Co. v. Knott, 128
S.W.3d 211, 216 (Tex. 2003); Star-Telegram, Inc. v. Doe, 915 S.W.2d 471,
473 (Tex. 1995) (both stating that when a trial court=s order granting summary judgment
does not specify the ground or grounds relied on for its ruling, summary
judgment will be affirmed on appeal if any of the theories presented to the
trial court and preserved for appellate review are meritorious).  Having disposed of Glenn=s
claimed entitlement to mental anguish damages on another theory raised by
Appellees in their motion for summary judgment and in their appellate brief, we
need not address Glenn=s
issues 2, 2-A, or 2-B.  See Tex. R. App. P. 47.1.