

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-07-172-CV

EMMA LOU GLENN                                                          APPELLANT

V.

NORTEX FOUNDATION DESIGNS,                                              APPELLEES
INC. AND JERRY L. COFFEE, P.E.

------------

FROM THE 236TH DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

### I. INTRODUCTION

Emma Lou Glenn challenges the summary judgment granted in favor of Appellees Nortex Foundation Designs, Inc. and Jerry L. Coffee, P.E. on her claims for breach of implied warranties and negligence in the design of the foundation of her home.  Because, under the summary judgment evidence

---

[1] *See* TEX. R. APP. P. 47.4.

presented, no cause of action exists in favor of Glenn and against Appellees for breach of an implied warranty and because Glenn did not plead any cause of action that would entitle her to the attorney's fees and damages that she sought to recover from Appellees, we will affirm the trial court's summary judgment granted in favor of Appellees.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Glenn purchased a home located in Mansfield, Texas, from Mercedes Homes of Texas, Ltd. Mercedes warranted that the home was registered with Home Buyers Warranty Corporation (HBWC) and National Home Insurance Company (NHIC). Appellees designed or were involved with the design of the foundation of the home that Glenn purchased.

When Glenn discovered that her home had sustained a structural defect, making it unsafe or unlivable, she filed a notice of claim, which was denied by HBWC and NHIC. Glenn thereafter filed suit against Mercedes, HBWC, NHIC, and Appellees. Glenn asserted claims against (1) Mercedes for negligence and malice, breach of contract and warranty, violations of the Texas Deceptive Trade Practices Act (DTPA), and fraud; (2) HBWC and NHIC for negligence; and (3) Appellees for negligence and breach of warranties. Glenn sought mental anguish damages from all defendants and attorney's fees solely from Mercedes.

Glenn's claims against Mercedes, HBWC, and NHIC were submitted to binding arbitration. Although Appellees did not participate in the binding arbitration, the arbitrator found that Nortex was 75% responsible for the damage to Glenn's home and that Mercedes was 25% responsible for the damage to Glenn's home.

Testimony at the arbitration revealed that Mercedes had made a settlement offer, which Glenn had rejected, and that Mercedes had thereafter clarified and remade a settlement offer, which Glenn also rejected. Glenn admitted during the arbitration that she had rejected the ultimate buy-back offer extended by Mercedes because she would have "lost" $60,000 to $70,000 of the offered amount in order to pay her attorney under her 40% contingency fee arrangement, thereby revealing "that her rejection was based not on the paucity of the offer but, rather, on the financial burden imposed by her fee arrangement." The arbitrator determined that Glenn's rejection of Mercedes's clarified settlement offer was not reasonable and that Glenn had failed to mitigate her damages.

The arbitrator found that the reasonable value of the necessary legal services rendered by Glenn's attorney totaled $91,150; however, the arbitrator reduced the amount of attorney's fees that Glenn could recover from Mercedes to $50,000 because of her failure to mitigate. The arbitrator also found that

3

Glenn had failed to establish proof of the elements of mental anguish by a preponderance of the evidence and therefore determined that she take nothing on that claim. The arbitrator ultimately allowed Glenn to recover from Mercedes and NHIC, jointly and severally, $227,884.39 in damages; $50,000 in reasonable and necessary attorney's fees; costs in the sum of $19,736.50; and interest on these awards at the rate of 10% per annum.

Approximately seven months after the arbitrator entered his award, Appellees filed a motion for summary judgment on Glenn's claims against them for breach of warranties and negligence. Appellees argued in their motion that as a matter of law Texas courts do not recognize an implied warranty between a subcontractor and a homeowner, that Glenn may not recover the same damages from them that she recovered from Mercedes and NHIC in the arbitration, that Glenn was collaterally estopped by the arbitrator's award from obtaining damages from Appellees for mental anguish, that Glenn failed to state a claim upon which mental anguish could be recovered, and that Glenn failed to state a claim upon which attorney's fees could be recovered.

Glenn filed a response to Appellees' motion for summary judgment. In her response, Glenn contended that Appellees' motion for summary judgment should be denied because (1) Texas law recognizes an implied warranty owed by a subcontractor to a homeowner where the subcontractor performs work on

4

a newly constructed home, (2) Appellees were not parties to the arbitration proceeding and therefore cannot raise collateral estoppel or issue preclusion, and (3) a question of material fact exists as to whether Glenn was made whole by the damages she was awarded in the arbitration proceeding.

The trial court held a hearing on Appellees' motion for summary judgment and granted it. Thereafter, Appellees filed, and the trial court granted, a motion to sever Glenn's claims against them from the claims involving Mercedes, HBWC, and NHIC.

Glenn filed a motion for new trial; however, the record does not include an order on Glenn's motion for new trial, which presumably was overruled by operation of law. This appeal followed.

### III. TRADITIONAL SUMMARY JUDGMENT STANDARD OF REVIEW[2]

A defendant who conclusively negates at least one essential element of a cause of action is entitled to summary judgment on that claim. *IHS Cedars Treatment Ctr. of DeSoto, Tex., Inc. v. Mason*, 143 S.W.3d 794, 798 (Tex. 2004); *see* TEX. R. CIV. P. 166a(b), (c). When reviewing a summary judgment,

---

[2] Although Appellees made some "no evidence" arguments in their motion for summary judgment, the bulk of their arguments, along with the attached summary judgment evidence, appear to seek a traditional summary judgment. We therefore utilize the standard of review applicable to a traditional motion for summary judgment.

5

we take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *IHS Cedars Treatment Ctr.*, 143 S.W.3d at 798.

In general, it is improper to grant a summary judgment on a deficient pleading's failure to state a cause of action when the deficiency can be attacked through a special exception. *In re B.I.V.*, 870 S.W.2d 12, 13 (Tex. 1994); *Pietila v. Crites*, 851 S.W.2d 185, 186 n.2 (Tex. 1993); *Massey v. Armco Steel Co.*, 652 S.W.2d 932, 934 (Tex. 1983); *Tex. Dep't of Corrections v. Herring*, 513 S.W.2d 6, 9–10 (Tex. 1974). But if the party refuses to amend, or the amended pleading fails to state a cause of action, summary judgment may be granted. *See Friesenhahn v. Ryan*, 960 S.W.2d 656, 658 (Tex. 1998). Moreover, when the pleading deficiency is the type that cannot be cured by an amendment, a special exception is unnecessary and a summary judgment based on the pleading's failure to state a legal claim is in order. *Id.*

## IV. GLENN'S CLAIMS AGAINST APPELLEES

As mentioned above, Glenn, in her second amended original petition, pleaded causes of action against Appellees for breach of implied warranty and for professional negligence. However, after culling through Glenn's appellate brief numerous times, as best we can tell, Glenn's arguments on appeal are all an attempt to recover the attorney's fees and mental anguish damages that she

6

was unsuccessful in recovering from Mercedes during the arbitration.[3] After reviewing the evidence, we conclude that she is entitled to neither and that summary judgment for Appellees was therefore proper.

## A. Implied Warranty Claim By Owner Against A Subcontractor

In her first issue, Glenn attempts to recover attorney's fees by arguing that a licensed structural engineer, who designs a foundation for a particular residence and thereafter applies his seal to certify the foundation's engineering plans, which the engineer knows will be used to build the foundation described in the plans, impliedly warrants to the ultimate purchaser of the home that the foundation has been designed in a good and workmanlike manner. Glenn therefore argues that the trial court erred as a matter of law by granting summary judgment in favor of Appellees on this issue.

Texas courts have consistently held that a property owner may not recover from a subcontractor with whom the owner had no direct contractual relationship.[4] *See J.M. Krupar Constr. Co. v. Rosenberg*, 95 S.W.3d 322, 332 (Tex. App.—Houston [1st Dist.] 2002, no pet.) (holding that homeowner did

---

[3] Glenn states, "As a result of the damage element being wiped clean from [her] two causes of action, [Appellees] prevailed on summary judgment."

[4] Because Texas courts have consistently ruled on this issue and have adequately set forth the public policy considerations involved, we decline Glenn's request to set forth yet another in-depth public policy analysis.

7

not have cause of action for common law breach of implied warranty against subcontractor who performed foundation work on home and stating that homeowner's remedy for damages resulting from faulty construction was against general contractor); *Raymond v. Rahme*, 78 S.W.3d 552, 563 (Tex. App.—Austin 2002, no pet.) (noting that, because property owner has recourse against general contractor with whom he contracted, "there is no compelling public policy reason to impose an implied warranty against a subcontractor," and holding evidence legally insufficient to support a finding of implied warranty of good and workmanlike conduct between subcontractor and property owner); *Codner v. Arellano*, 40 S.W.3d 666, 672–74 (Tex. App.—Austin 2001, no pet.) ("declin[ing] to apply, as a matter of public policy, an implied warranty . . . between a homeowner and a subcontractor" who constructed the home's foundation). This court has also specifically held that a homeowner's implied warranty claim against a subcontractor is barred as a matter of law. *See Rayon v. Energy Specialties, Inc.*, 121 S.W.3d 7, 21 (Tex. App.—Fort Worth 2002, no pet.).

In spite of such precedent and Glenn's concession in her summary judgment response that Appellees were "not a party to any contract [she] signed regarding the purchase of [her] home," Glenn argues that neither *Rayon*, nor other implied warranty cases involving homeowners, have "presented the

8

critical condition, as here, where the structural engineer, who designed the foundation and applied his engineering seal to the foundation plans, failed to properly design the foundation upon which the future homeowner's home would rest." Glenn's argument, attempting to carve out a special common law implied warranty for holding engineers liable by analogizing her situation to a case holding a food manufacturer liable,[5] has failed to persuade us that foundation engineers should be treated differently under the law than other subcontractors. Nor does Glenn's argument nullify her remedy against the builder—which she has already obtained via the arbitration award—who in turn can look to the subcontractors for contribution or indemnity, as applicable.[6]

---

[5] *See Jacob E. Decker & Sons, Inc. v. Capps*, 139 Tex. 609, 622, 164 S.W.2d 828, 834 (1942) (holding that defendant, as the manufacturer and vendor of sausage, was liable to consumer plaintiffs for the injuries caused to them by the contaminated and poisonous substance in the sausage at the time the defendants manufactured and sold it, even though defendant was not negligent in processing it).

[6] The "Conclusions of Law" section of the arbitrator's award states the following:

Mercedes Homes alleged theories of contribution and indemnity against [Appellee] Nortex in the above-described law[]suit. [Appellees] are not designated as Respondents, Third-Party Respondents or Responsible Third Parties in this arbitration. The Preliminary Order, dated 27 March 2006, anticipating the denial of Mercedes Homes['s] Motion to Designate [Appellees] as Responsible Third Parties, is hereby made a Final Order for purposes of this arbitration and without regard to the status of

9

Glenn has thus failed to persuade us that public policy considerations entitle her to a double recovery from both the builder and the subcontractors, the latter with whom she had no direct contractual relationship. *See Codner*, 40 S.W.3d at 673 (stating that an implied warranty will not be imposed unless there is a demonstrated, compelling need for it and that it is not necessary to impose an implied warranty as a matter of public policy if plaintiff has other adequate remedies to redress the alleged wrongs committed by defendants).

To the extent that Glenn attempts to argue that she was not fully compensated by the builder because the arbitrator did not allow her to collect the full amount of attorney's fees from the builder, Glenn's argument fails. The arbitrator stated that Glenn's recoverable attorney's fees were reduced as a result of *her* failure to mitigate damages after she rejected Mercedes's reasonable settlement offer. Additionally, Glenn's second amended original petition appears to plead for attorney's fees solely from Mercedes and fails to state a claim against Appellees that would enable her to recover attorney's fees from them. *See generally Holland v. Wal-Mart Stores, Inc.*, 1 S.W.3d 91, 95 (Tex. 1999) (reciting well-established rule that "[a]n award of attorney's fees may not be supplied by implication but must be provided for by the express

[Appellees] in the suit now pending in the 236th District Court.

10

terms of the statute in question"). Glenn is therefore not entitled to recover attorney's fees from Appellees.

Accordingly, we hold that the trial court did not err by granting Appellees' summary judgment motion on Glenn's claims for breach of implied warranties.[7] *See Pugh v. Gen. Terrazzo Supplies, Inc.*, 243 S.W.3d 84, 89–90 (Tex. App.—Houston [1st Dist.] 2007, pet. filed) (holding that trial court did not err by granting subcontractor's summary judgment motion on the homeowners' claims for breach of implied warranties of good and workmanlike service and habitability). We therefore overrule Glenn's first issue.

In part of her second issue, issue 2-C, Glenn makes a seemingly circular argument that the arbitration award and her negligence claim do not provide her with an adequate remedy and that, thus, we must impose an implied warranty in order for her to be fully compensated. Because we have already declined to create such an implied warranty applicable to Appellees here, we overrule Glenn's issue 2-C.

---

[7] Glenn argued in her appellate brief that if we determined that an implied warranty exists, she would be free to amend her complaint to allege a DTPA cause of action against Appellees based upon the breach of warranty and that she would be entitled to attorney's fees if she prevailed on that newly added cause of action. Thus, Glenn recognized that she did not plead a DTPA cause of action against Appellees, and because we hold that no claim for breach of an implied warranty exists against a subcontractor, we need not further address any DTPA-related arguments.

**B.     Professional Negligence Claim and Mental Anguish Damages**

In her third issue, Glenn claims that she presented summary judgment evidence creating a genuine issue of material fact concerning her entitlement to mental anguish damages; she claims that she suffered an injury to her personal being and physical body as a result of the damage to her home. Because Glenn's pleaded negligence cause of action was for only professional engineering negligence that purportedly caused property damage to her home, she is, as a matter of law, not entitled to mental anguish damages—the only damages that she seeks in connection with this cause of action. *See, e.g., City of Tyler v. Likes*, 962 S.W.2d 489, 495, 497–99 (Tex. 1997) (holding that mental anguish based solely on negligence causing property damage is not compensable as a matter of law, citing numerous intermediate appellate court cases so holding and explaining that "[m]ental anguish damages are recoverable for some common law torts that generally involve intentional or malicious conduct" instead of negligence); *Parkway Co. v. Woodruff*, 901 S.W.2d 434, 442 (Tex. 1995) (affirming appellate court's reversal of mental anguish damages awarded against developer for negligence causing flooding of plaintiff's home). Consequently, the trial court did not err by granting summary

12

judgment for Appellees on Glenn's professional negligence/mental anguish claim.  We therefore overrule Glenn's third issue.[8]

## C.    Other Damages

To the extent that Glenn's brief could be liberally construed to seek recovery of other damages from Appellees, we hold that any such arguments are inadequately briefed.  *See* TEX. R. APP. P. 38.1(h), 38.9.

## V.  CONCLUSION

Having overruled all the parts of Glenn's issues necessary for disposition of this appeal, we affirm the trial court's grant of summary judgment in favor of Appellees.

SUE WALKER
JUSTICE

PANEL F:   DAUPHINOT, HOLMAN, and WALKER, JJ.

DELIVERED: May 15, 2008

---

[8] Although both Glenn and Appellees in their appellate briefs address the collateral estoppel effect of the arbitrator's decision that Glenn was not entitled to mental anguish damages, we must affirm a trial court's order generally granting summary judgment on any proper theory presented to the trial court. *See Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 216 (Tex. 2003); *Star-Telegram, Inc. v. Doe*, 915 S.W.2d 471, 473 (Tex. 1995) (both stating that when a trial court's order granting summary judgment does not specify the ground or grounds relied on for its ruling, summary judgment will be affirmed on appeal if any of the theories presented to the trial court and preserved for appellate review are meritorious).  Having disposed of Glenn's claimed entitlement to mental anguish damages on another theory raised by Appellees in their motion for summary judgment and in their appellate brief, we need not address Glenn's issues 2, 2-A, or 2-B.  *See* TEX. R. APP. P. 47.1.