

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-14-00113-CV

Diron Shay **HOLT**,
Appellant

v.

Jenny Lissa **HALE**,
Appellee

From the County Court at Law, Val Verde County, Texas
Trial Court No. 3112CCL
Honorable Sergio J. Gonzalez, Judge Presiding

Opinion by:    Luz Elena D. Chapa, Justice

Sitting:       Sandee Bryan Marion, Justice
               Marialyn Barnard, Justice
               Luz Elena D. Chapa, Justice

Delivered and Filed:  November 12, 2014

AFFIRMED

Diron Shay Holt appeals the trial court's order dismissing his petition for a bill of review.

We affirm the judgment.

### Background

Holt filed a petition for a bill of review in April 2013, attacking a protective order issued

in favor of appellee Jenny Lissa Hale.  Holt's amended petition alleged that on November 5, 2012,

the trial court signed a protective order in favor of Hale based on family violence found to have

been committed by Holt.  The petition alleged Holt timely placed a motion for new trial in the mail

on November 27, 2012, addressed to the street address of the Val Verde County District Clerk, an address published in an official directory and to which Holt's attorney had previously and successfully mailed many pleadings. According to Holt, an employee of the postal service did not deliver the mail, but returned it to Holt's counsel's office on January 5, 2013, with a notation the mail could not be delivered and that it should be addressed to a post office box address. Also according to Holt, upon receiving the returned mail, a secretary in the office folded the envelope, placed it in a new envelope, and mailed the motion to the post office box address. The motion for new trial was not received by the clerk until January 7, 2013.

The amended petition further alleges that Holt's attorney mailed a notice of appeal to the district clerk on January 22, 2013, based on his assumption the motion for new trial had been timely filed and overruled by operation of law. The notice of appeal was also mailed to the district clerk's street address, returned to counsel's office, and re-mailed to the post office box address. The notice of appeal was not received for filing by the district clerk until February 14, 2013. The petition alleges Holt's attorney was not aware of the returned and re-mailed motion and notice of appeal at the time those events occurred.

Holt alleges that on March 1, 2013, when his attorney became aware the motion for new trial had not been timely filed, he filed a voluntary notice of dismissal of his appeal, and the appeal was subsequently dismissed.

The amended petition asserts Holt lost his ability to appeal the protective order because of the wrongdoing of a United States Postal Service employee or because of erroneous information provided by a court official, and through no fault or negligence of his own. Holt asserts that these facts excuse him from being required to show wrongful conduct by the opposing party and a meritorious defense.

Hale filed special exceptions, asserting among other things that the petition failed to adequately state a cause of action for a bill of review because it did not allege Holt had a meritorious defense that he was prevented from appealing and because Holt's voluntary abandonment of his appeal was fatal to his bill of review.

The trial court granted the special exceptions on July 30, 2013. The court ordered that an amended petition curing the deficiencies in the pleading be filed by August 15, 2013, or the suit would be dismissed with prejudice. Holt did not amend the petition, and on January 15, 2014, the trial court signed an order of dismissal. This appeal followed.

## Jurisdiction

We first address the question of our jurisdiction raised by Hale in her response brief. Hale contends Holt's suit was dismissed by operation of law on August 16, 2013, when no amended pleading was filed. Hale argues that the notice of appeal filed after the January 15, 2014 dismissal order was therefore not timely. We disagree. "The appellate timetable *does not* commence to run other than by signed, written order, even when the signing of such an order is purely ministerial." *Farmer v. Ben E. Keith Co.*, 907 S.W.2d 495, 496 (Tex. 1995) (per curiam); *see In re Bennett*, 960 S.W.2d 35, 38 (Tex. 1997) (orig. proceeding) (per curiam) (holding that appellate timetable does not run from the date that notice of nonsuit is filed, but rather from date the trial court signs a dismissal order). In this case, the appellate deadlines did not begin to run until January 15, 2014, when the trial court signed the dismissal order. Holt's notice of appeal, mailed on February 12 and received by the district clerk on February 18, was timely. *See* TEX. R. APP. P. 26.1 (notice of appeal must be filed within thirty days after the judgment is signed); TEX. R. CIV. P. 5 ("mailbox rule").

**Discussion**

Holt argues the trial court erred in granting the special exceptions and dismissing the suit. Special exceptions may be used to challenge the sufficiency of a pleading. *Friesenhahn v. Ryan*, 960 S.W.2d 656, 658 (Tex. 1998). Generally, when the trial court sustains special exceptions, it must give the pleader an opportunity to amend the pleadings. *Id.* If the pleader fails to amend or the amended pleading fails to state a cause of action, the trial court may dismiss the case. *Gatten v. McCarley*, 391 S.W.3d 669, 673 (Tex. App.—Dallas 2013, no pet.); *see, e.g.*, *Trevino v. Ortega*, 969 S.W.2d 950, 951-52 (Tex. 1998) (reversing court of appeals and affirming trial court's dismissal of suit on special exceptions where no cause of action pleaded). When the trial court dismisses a case on special exceptions for failure to state a cause of action, we review that issue of law under a de novo standard, accepting as true the factual allegations in the petition and the reasonable inferences therefrom. *Pack v. Crossroads, Inc.*, 53 S.W.3d 492, 507-08 (Tex. App.—Fort Worth 2001, pet. denied).

A bill of review is an equitable proceeding to set aside a prior judgment that can no longer be challenged by a motion for new trial or appeal. *Caldwell v. Barnes*, 154 S.W.3d 93, 96 (Tex. 2004) (per curiam). A petitioner who participated in the underlying suit, but contends official mistake or misinformation provided by the clerk precluded him from filing a timely motion for new trial or appeal, must plead and prove (1) a meritorious ground of appeal, (2) which he was prevented from making by the fraud, accident, or wrongful act of the opposing party or by official mistake of the clerk, (3) unmixed with any negligence or fault of his own. *Petro-Chemical Transp., Inc. v. Carroll*, 514 S.W.2d 240, 244-46 (Tex. 1974); *Eastin v. Dial*, 288 S.W.3d 491, 497-98 (Tex. App.—San Antonio 2009, pet. denied). "A 'meritorious ground of appeal' is one that might, and probably would, result in a reversal of the trial court's judgment." *Eastin*, 288 S.W.3d at 498 (citing *McRoberts v. Ryals*, 863 S.W.2d 450, 455 n.1 (Tex. 1993)).

Holt did not plead any meritorious defense or meritorious ground of appeal, that deficiency in the pleading was pointed out in Hale's special exceptions, and Holt refused to replead. On appeal, Holt cites *Mabon Ltd. v. Afri-Carib Enters., Inc.*, 369 S.W.3d 809 (Tex. 2012), in support of his position that, based on the facts he alleged, he is not required to plead or prove a meritorious defense. In *Mabon*, the Texas Supreme Court held a bill-of-review plaintiff who claims a due process violation because he was not served with process or did not receive notice of the trial setting in the underlying cause is relieved of the burden of showing a meritorious defense that he was prevented from making by the fraud, accident, or wrongful act of the opposing party or official mistake. 369 S.W.3d at 812-13. Holt did not allege that he was not served with process in the protective order proceeding, that he did not receive notice of the trial in that case, or that he did not participate in the trial. He did not allege *any* due process violation. Therefore, in order to state a bill-of-review-cause of action, he was required to plead a meritorious ground of appeal that he was precluded from making because of the fraud, accident, or wrongful act of the opposing party or official mistake. Because he failed to do so after the trial court gave him an opportunity to replead, the trial court did not err in dismissing the suit.

The trial court's judgment is affirmed.

Luz Elena D. Chapa, Justice