2026 Tex. Bus. 37



**The Business Court of Texas,
First Division**

| | | |
|---|---|---|
| SOUTHWEST AIRLINES PILOTS ASSOCIATION (SWAPA),<br>    *Plaintiff,*<br>v.<br>THE BOEING COMPANY,<br>    *Defendant.* | §<br>§<br>§<br>§<br>§<br>§<br>§ | Cause No. 25-BC01A-0040 |

---

**Memorandum Opinion and Order
on Defendant's Motion for Summary Judgment**

---

¶1    Defendant The Boeing Company ("Boeing") moves for summary judgment on the claims of Plaintiff Southwest Airlines Pilots Association ("SWAPA") on grounds that Plaintiff cannot establish proximate causation as a matter of law. Boeing argues that Plaintiff's pleadings allege harm that is "too attenuated" from the alleged wrongful conduct, negating both the

"substantial factor" prong of the cause-in-fact element and the "foreseeability" element.[1] Def.'s Mtn. at p. 15.

¶2 Summary judgment on the pleadings presents a high burden for the movant. *See W. Orange-Cove Consol. I.S.D. v. Alanis*, 107 S.W.3d 558, 579 (Tex. 2003) (noting movant's obligation to establish, when seeking judgment on the pleadings, nonmovant's inability to plead a claim as a matter of law). The Court must "assume that all facts alleged . . . are true and indulge all reasonable inferences in the light most favorable to [the non-movant]." *Flores v. Tholstrup*, No. 14-11-00921, 2013 WL 176035, at *2 (Tex. App.—Houston [14th Dist.] 2013), *pet. dism'd*, 2015 WL 6421251 (Tex. 2015) (per curiam); *see Natividad v. Alexsis, Inc.*, 875 S.W.2d 695, 699 (Tex. 1994). Generally, even when pleadings are deficient in stating a cognizable claim, the non-movant must be allowed an opportunity to re-plead before his claim is susceptible to judgment. *See Massey v. Armco Steel Co.*, 652 S.W.2d 932, 934 (Tex. 1983); *see also Friesenhahn v. Ryan*, 960 S.W.2d 656, 658 (Tex. 1998).

---

[1] Boeing's motion seeks judgment on the pleadings. *See, e.g.*, *Pope v. Shelton*, No. 05-90-01566, 1992 WL 14011, at *4 (Tex. App.—Dallas 1992, writ denied) (Whitham, J., concurring).

¶3     Under the standard set forth above, Boeing has not established that SWAPA has pleaded itself out of court as a matter of law. Where SWAPA's pleadings are deficient, SWAPA is entitled an opportunity to re-plead. Accordingly, the Court denies Boeing's motion without prejudice.

## I.     Similar federal cases cited by Boeing are legally and factually distinguishable.

¶4     In support of its motion, Boeing relies heavily on federal litigation stemming from the grounding of the 737 MAX fleet: *Christensen v. Boeing Co.*, No. 20 C 1813, 2021 WL 83548 (N.D. Ill. Jan. 11, 2021), and *In re Boeing 737 MAX Pilots Litigation*, 638 F.Supp.3d 838 (N.D. Ill. 2022). Neither is outcome-dispositive in this case because each involved distinguishable federal pleading standards and different factual allegations than those presented here.

¶5     Relevant to the discussion of both cases is the fact that pleading standards differ between federal and Texas state courts. *Compare* FED. R. CIV. P. 8, 9(b), 12(b)(6) *with* TEX. R. CIV. P. 45, 47, 91, 91A. Because federal plaintiffs must plead with greater specificity, a federal court may assume that the absence of certain facts in a complaint indicates that such facts either do not exist or are not relied upon by the plaintiff. *See, e.g.*, *Contranchis v. All Coast, LLC*, No. 15-1534, 2015 WL 6669675, at *4 (E.D. La. Nov. 2, 2015)

(noting that failure to plead facts constituting knowledge precluded court from inferring knowledge); *see also Perron v. Travis*, No. 20-00221, 2021 WL 1187077, at *6 (M.D. La. Mar. 29, 2021) (noting that failure to plead facts supporting allegations demanded dismissal of claim). Texas state courts cannot make such presumptions because plaintiffs need only give fair notice of their claims. *See Kopplow Dev., Inc. v. City of San Antonio*, 399 S.W.3d 532, 536 (Tex. 2013). It logically follows that Texas litigants, unlike federal court litigants, must generally be allowed to replead a deficient claim before suffering an adverse judgment. *See Friesenhahn*, 960 S.W.2d at 658 (noting an exception when "pleading deficiency is of the type that could not be cured by an amendment"). In that context, the Court analyzes the persuasive weight of the Illinois cases cited by Boeing.

¶6    In *Christensen*, a class action was brought in a federal district court on behalf of Southwest Airlines flight attendants alleging, *inter alia*, fraud, negligence, and fraudulent and negligent misrepresentations. 2021 WL 83548, at *1. The plaintiffs pleaded that Boeing's alleged misrepresentations to others regarding the 737 MAX aircraft and the grounding of the fleet resulted in lost wages and other damages to the flight attendants. *Id.* Following Boeing's motion to dismiss for failure to state a claim, the Northern

District Court in Illinois found—among other deficiencies—that the plaintiffs failed to plead facts that, taken as true, would establish the "cause-in-fact" and "legal cause" elements of proximate causation.[2] *Id.* at *1-2. Specifically, the court found that "plaintiffs' alleged injuries (to the extent they have pled any) are not a direct result of defendant's alleged misconduct." *Id.* at *2. "Such indirect claims," the court continued, "are barred under Illinois law." *Id.*

¶7    The District Court in *Christensen* had no reason to order or allow the flight attendants an opportunity to replead their claims. A pleading amendment would not bring the flight attendants' lost wages any closer to the alleged wrongful conduct (*i.e.*, misrepresentations to the public) in the chain of causation. Moreover, to the extent that case also involved allegations concerning the flight attendants' collective bargaining agreement with the airline, the alleged misrepresentations came *after* the collective bargaining

---

[2] Under Illinois law, "cause-in-fact" refers to "but for" causation (*Christensen*, 2021 WL 83548, at *1)—an element not challenged here. "Legal cause" under Illinois law roughly approximates the foreseeability element of proximate cause as it is defined in Texas law. *Compare id.* ("Legal cause requires that the alleged injury be a foreseeable consequence of the alleged misrepresentation." (internal quotation omitted)) *with Werner Enters., Inc. v. Blake*, 719 S.W.3d 525, 537 (Tex. 2025) (discussing foreseeability).

agreement was executed—a fact that differs from the pleadings before this Court. Thus, any harm suffered in relation to the collective bargaining agreement could not (chronologically) be traced back to the alleged misrepresentations. Those factual distinctions are important.

¶8 Regarding the *737 MAX Pilots Litigation*, pilots brought claims against Boeing for strict liability, negligence, fraudulent concealment, and fraudulent misrepresentation on the theory that—as summarized by a different Northern District Judge in Illinois—Boeing "designed a defective plane, which led to crashes, which led to the grounding of the fleet, which caused a loss of job opportunities, which hit [the pilots] in the pocketbook." *737 MAX Pilots Litig.*, 638 F.Supp.3d at 844-45. On those pleadings, the District Court found no legal cause as required for proximate causation, agreeing with Boeing's view that "any design flaws did not proximately cause any loss of income allegedly suffered by the pilots." *Id.* at 850. The pilots' claimed lost earnings were too attenuated to be proximately caused by an alleged design defect.

¶9 But like *Christensen*, that case is also factually distinguishable because the claims of those pilots were predicated on alleged design defects and misrepresentations and omissions to the public in general, which led to

the grounding of the fleet and alleged lost income to flight crew. *Id.* at 858. Here, SWAPA—as the assignee of the pilots' claims—alleges that the pilots were induced by Boeing's misrepresentations to SWAPA and its Members to enter into a disadvantageous collective bargaining agreement with Southwest Airlines. The pilots here do not simply "seek to recover damages based on plane crashes experienced by other people." *Id.* at 844.

¶10 The Texas Supreme Court has already characterized the instant suit as, at its core, a "complaint . . . that Boeing made misrepresentations about the MAX with the intent to induce SWAPA and the pilots to agree in the 2016 CBA to fly the MAX." *Boeing Co. v. Sw. Airlines Pilots Ass'n*, 716 S.W.3d 140, 150-51 (Tex. 2025). This Court, having a similar view of the nature of SWAPA's claims, rejects Boeing's casting of SWAPA's claims as *solely* mirrors of those for lost wages and other sums due to design defects and the grounding of the MAX fleet as articulated in *Christensen* and *737 MAX Pilots Litigation*. In contrast with those cases, SWAPA's pleadings give fair notice that it seeks to establish that Boeing's alleged misrepresentations to SWAPA and its Members during their collective bargaining negotiations with the airline proximately caused SWAPA to enter into a disadvantageous contract that resulted in injury to SWAPA and its Members.

¶11 SWAPA's factual allegations are drawn from two separate pleadings originally filed in two separate cases, one in 2019 and one in 2021. The two cases were consolidated prior to removal to this Court (*see* Jt. Notice of Removal at p. 2), and no amended pleading has superseded the two separate petitions. Accordingly, they are construed together by the parties in their briefs and by the Court here.

¶12 In its 2019 petition, SWAPA alleges, in relevant part:

- "Boeing's false representations, made directly to SWAPA, caused SWAPA to agree, despite its initial reluctance, to include the 737 MAX as a term in its collective bargaining agreement ('CBA') with Southwest." Pl.'s 2019 Pet. at ¶ 7.

- "The Ethiopian Airlines crash demonstrated conclusively that even after the Lion Air crash, Boeing continued its pattern of misrepresentations by telling SWAPA and the public that the 737 MAX was safe and similar to prior generations of 737 aircraft." *Id.* at ¶ 239.

- Boeing concealed all or parts of the truth when it had a legal duty to speak, and when it had already made partial representations concerning differences between the 737 NG and 737 MAX to SWAPA." *Id.* at ¶ 431.

Similar allegations are found in SWAPA's 2021 petition:

- "SWAPA and the individual SWAPA Members to whom these representations were directly made relayed Boeing's claims to SWAPA's full Membership. Further, because Boeing omitted key information from its discussions with a subset of SWAPA Members, such omissions filtered down to the membership and impacted their decisions." Pl.'s 2021 Pet. at ¶ 178.

- "Based on Boeing's misrepresentations and assurances to SWAPA, its Members, and Southwest, SWAPA altered the bargaining and negotiating position it was taking on behalf of its Members." *Id.* at ¶ 190.

Collectively, these factual allegations give Boeing fair notice that SWAPA seeks to establish liability for the execution of a collective bargaining agreement with Southwest which was the product of reliance on alleged misrepresentations to SWAPA and its Members—both affirmative and by omission—on the part of Boeing. For these reasons, the holdings of *Christensen* and *737 MAX Pilots Litigation*—while persuasive to this Court—do not operate as a wholesale bar on SWAPA's ability to recover in this case.

## II. SWAPA's pleadings are deficient as to proximate causation, but SWAPA is entitled an opportunity to cure its deficiencies.

¶13   Boeing correctly points out that SWAPA's live pleadings do include isolated allegations for which, to the extent they form the basis of SWAPA's suit, proximate causation *could* be legally foreclosed for the same reasons articulated in the Illinois opinions. Specifically, Boeing takes issue with SWAPA's pleading for damages from the grounding of the 737 MAX aircraft fleet. *See*, *e.g.*, Def.'s Mtn. at pp. 7-8 ("SWAPA . . . alleges that the grounding caused Southwest to operate fewer flights, which ultimately

harmed SWAPA and its members by causing them to earn less in wages and pay less union dues."). But as noted above, SWAPA's pleadings present a different theory of liability: that Boeing made misrepresentations to SWAPA and its Members to induce the same into a collective bargaining agreement with the airline. And under Texas' fair notice pleading standard, the Court cannot presume that SWAPA is unable to articulate recoverable damages attributable to that theory simply because its pleadings contain other damage allegations.

¶14 The Texas Supreme Court gave guidance on the standard for judgment on the pleadings in *Friesenhahn* (960 S.W.2d 656). There, the Court affirmed the remand of claims dismissed by a trial court because judgment "was improperly rendered against [the plaintiffs] before they had an opportunity to replead." *Id.* at 659. Texas law dictates that "[b]efore a court may grant a 'no cause of action' summary judgment . . . it must give the parties an adequate opportunity to plead a viable cause of action." *Id.* (citing *Massey*, 652 S.W.2d at 934). That case echoed the holding in *In Interest of B.I.V.*, 870 S.W.2d 12, 14 (Tex. 1994), that "summary judgment should not be based on a pleading deficiency that could be cured by amendment." Once afforded the opportunity to amend, summary judgment on the pleadings may be granted

"[i]f the party refuses to amend, or the amended pleading fails to state a cause of action." *Friesenhahn*, 960 S.W.2d at 658.

¶15    The instant litigation is akin to *Friesenhahn* and *Massey*. In the former, plaintiffs were denied an opportunity to replead before summary judgment was granted on their wrongful death and negligence claims based on a failure to plead a cognizable legal duty on the part of defendants. *Id.* at 657-59. In the latter, the plaintiff was denied an opportunity to replead before summary judgment was granted on his civil conspiracy claim based a failure to plead an unlawful overt act. *Massey*, 652 S.W.2d at 934. Rather than assuming that the plaintiffs were unable to plead a cognizable legal duty or the existence of an unlawful act in furtherance of conspiracy, respectively, the Supreme Court of Texas held that these plaintiffs were entitled to an opportunity to cure these deficiencies.

¶16    Likewise, here, where SWAPA has alleged wrongful conduct by Boeing impacting SWAPA's collective bargaining agreement with the airline, SWAPA must be afforded an opportunity to cure its pleading deficiency by amending its petition to articulate a harm that does not exceed the limits of proximate causation. *See In re First Rsrv. Mgmt., L.P.*, 671 S.W.3d 653, 661–62 (Tex. 2023) (fair notice means the pleading gives notice not just of the

claim and relief sought but also of the essential facts supporting the claims); *Kissman v. Bendix Home Sys., Inc.*, 587 S.W.2d 675, 677 (Tex. 1979) (holding pleadings failed to give notice of claim for repair costs and noting that prayer for relief must match the facts alleged as the basis for relief). Only if SWAPA fails to amend, or if its amendment again fails to state a cognizable claim, would judgment on the pleadings be appropriate.

¶17 For these reasons, Boeing's motion must be DENIED. This denial is WITHOUT PREJUDICE. Any amended pleading by SWAPA must be filed no later than June 19, 2026.

¶18 IT IS THEREFORE ORDERED that *Defendant The Boeing Company's Motion for Summary Judgment* is DENIED WITHOUT PREJUDICE.

¶19 IT IS FURTHER ORDERED that Plaintiff SWAPA must replead no later than June 19, 2026.

SO ORDERED.

ANDREA K. BOURESSA
Judge of the Texas Business Court,
First Division

SIGNED ON: June 9, 2026.

Page 12