GAULT *v.* NOLEN.

Opinion delivered May 7, 1928.

*Davis & Rollow,* for appellant.
*Hays, Priddy & Rorex,* for appellee.

HART, C. J., (after stating the facts). The Legislature of 1925 passed an act to amend the general act relating to the formation of local improvement districts in cities and towns. Among other things it is provided that the petition for such improvement, signed by the majority in value of the owners of real property in the district, shall specify what percentage of the value of the real property as shown by the last county assessment the said improvement shall not exceed in cost. The section contains a proviso that no single improvement shall be undertaken which, alone, will exceed in cost fifty per cent. in value of the real property in such district as shown by the last county assessment. The section con-

tains a further proviso that an improvement may be made which does not exceed one hundred per cent. of the assessed value determined as above if seventy-five per cent. of the property owners in value in said district petition therefor. Acts of 1925, p. 548; Castle's Supplement to Crawford & Moses' Digest of the Statutes of Arkansas, § 5666.

The owners of the real property in the proposed street improvement district proceeded under the last proviso of the section of the act above referred to. In other words, they petitioned to construct an improvement not exceeding one hundred per cent. of the assessed value of the real property in the district as shown by the last county assessment; and in order to do this, seventy-five per cent. of the property owners in value were required to sign the petition. According to the allegations of the complaint, owners of real property of the value of $61,930, as shown by the last county assessment, signed the petition which was presented to the council on the 12th day of November, 1927. At that time the council found the total assessed value of all the property in the district as shown by the last county assessment to be the sum of $83,625. Nevertheless, the council proceeded with the establishment of the district.

If the finding of the council was correct, a mathematical calculation will show that seventy-five per cent. of the owners of real property in the district did not sign the petition. On the 2d day of January, 1928, at a regular meeting of the common council of said town, the same members of the council who were present at the meeting of November 12, 1927, adopted a resolution reciting that a mistake had been made in finding the total assessed value of the real property to be $83,625. The council found that the error was due to a mistake in adding up the assessed value of the real property in the district as taken from the last county assessment, and that the true value of all the real property in the district as shown by the last county assessment amounted to $81,825. The council amended its record to show

this latter sum to be the total value of all the real property in the district as shown by the last county assessment. If the council had the right to make this correction, then a mathematical calculation will show that seventy-five per cent. of the owners of real property in the district as shown by the last county assessment signed a petition praying for the construction of the proposed improvement at a cost not exceeding one hundred per cent. of the assessed value of the real property.

The sole reliance of counsel for appellant for a reversal of the decree is that the council had no right to change the finding made by it on the 12th day of November, 1927, as to the total value of all the real property in the improvement district as shown by the last county assessment. Now, according to the allegations of the complaint, this sum was found by adding up the assessed value of the separate valuations of real property in the district as shown by the last county assessment. A mistake was made in adding up these figures, and the council only attempted to correct such mistake at the meeting held on the 2d day of January, 1928. The same members of the council were present, and no effort was made to change the result in any way, the only change was to correct a clerical error or mistake in adding up a column of figures, which were a permanent record as shown by the last county assessment. The common council not only had the right to correct such clerical error, but it would seem to be its duty to do so. Under the statute, if seventy-five per cent. of the owners of real property in a proposed district sign a petition praying for the construction of a proposed improvement not to exceed one hundred per cent. of the assessed value of the real property as shown by the last county assessment, they have the right to do so and the council could not defeat their will by making a mistake in adding up a column of figures. The common council had complete and plenary power to correct a clerical error or mistake which it had

made in arriving at the total value of all the real property in the district as shown by the last county assessment.

Therefore, the decree will be affirmed.