SANFORD *v.* BELL.

Opinion delivered January 14, 1929.

*C. E. Yingling*, for appellant.

*John E. Miller*, for appellee.

KIRBY, J. Appellant, an owner of real property included within the boundaries of Street Improvement District 13 in Searcy, Arkansas, brought this suit to enjoin the commissioners of said district from issuing bonds incumbering the real property and proceeding with making the improvement authorized by the creation of the district, the paving of Pleasure Street from the west corporate limits of the city to the intersection of Spring Street with Pleasure Street, in said city.

The district was alleged to be void, because the city had already, upon the petition signed by more than ten property owners asking that the territory described therein be laid off into an improvement district, duly passed an ordinance creating said territory into Street Improvement District No. 12, for making the identical improvement of Pleasure Street authorized to be made and provided for by the creation of said District 13.

After said District 12 was created, the city council, upon a petition of twelve real property owners, organized said District 13, which included all this territory, and more than was formerly included in District 12. It only included the territory lying within one-half block on either side of and immediately adjacent to this street

to be improved, while 13 included a block of territory on each side of said Pleasure Street.

The commissioners of District 13 answered, admitting they were proceeding, in the discharge of their duties, to issue bonds to obtain funds for making the improvement authorized by the creation of the district; also that the city council did, by ordinance duly passed on May 14, 1928 (No. 179) lay off the territory now included in District 13, into District No. 12, for making the same improvement. Denied that District 13 was void. Alleged that, after District 12 was created and before the second petition was filed asking that the improvements as contemplated be made, it was ascertained by the proponents of District 12 that the total assessed value of the property situated in the district as created was only $30,070, and the cost of making the improvement as contemplated was $49,418.20, exclusive of interest, an amount far in excess of the assessed value of all the real property in the district, and that the improvement could not be made by the district as laid out. Thereupon the same persons who were interested in having the street improved filed a petition on June 11, 1928, with the recorder, asking that the territory that had been included in District 12, and the additional territory, be organized into another improvement district of such extent as to insure the making of the desired improvement; that the same improvement was contemplated in each district, and the proponents of both districts desiring it should be made, and because it had been ascertained that the cost of paving the street exceeded the assessed valuation of the property in District 12, making it necessary to create District 13; that District 12 was void because of that fact, and so understood to be by the city council and the proponents of District 12 in creating District 13. That District 13 was legally organized, and the proponents of District 12 had abandoned same, not filing within the three months the second petition asking that the improvement be made as contemplated in the ordinance creating it. That no other proceedings

had been taken by any one to make the improvement in District 12, and more than three months had passed since the passage of ordinance 179 authorizing it. That District 13 had been legally organized, and the commissioners are now engaged in carrying out the purpose and will proceed to make the improvement as therein contemplated by District 12 unless restrained, the improvements contemplated in District 13 being the same in every detail as were intended to be made by District 12.

A general demurrer was filed to the answer, with prayer that District 13 be declared void and the commissioners permanently enjoined from making the improvement contemplated or from issuing bonds incumbering the real estate therein, and for costs, etc.

The cause was submitted to the chancellor in vacation, the demurrer to the answer was overruled, and, plaintiff declining to plead further, the complaint was dismissed for want of equity, and this appeal is prosecuted from that decree.

Appellant owned property in District 13 and also in old District 12, and sued for his own benefit and all other property owners in District 13. Appellant insists for reversal that the court erred in holding that the city council had authority to create District 13, including the territory embraced in District 12, before the expiration of 90 days allowed them for filing the second petition asking that the improvements be made as contemplated by the ordinance creating it.

Although it is true that the ordinance creating District 13 was passed before the expiration of three months from the date of the adoption of the ordinance 179 creating District 12, it is also conceded to be true that no second petition asking that the improvement be made as contemplated in said ordinance creating District 12 was filed during that term, or at all, and the 90 days in which any such petition could be filed had expired before this suit was brought.

It was alleged in the answer of the commissioners and admitted by the demurrer that, after District 12 had

been created by ordinance 179, and before the filing of the second petition asking that this contemplated improvement be made, it was ascertained by the proponents of the district that the total assessed value of the real property within said District 12 as laid out was only $30,070, while the cost of making the improvement as contemplated and described in the petition for an ordinance creating the district would be $49,418.20, exclusive of interest charges, an amount greatly in excess of the assessed valuation of the property in the said district, and the improvement could not therefore be made. No board of improvement had been appointed by the council, it is true, but, when it was ascertained that the assessed value of the real property in District 12 was far less than the cost of the contemplated improvement, then the parties promoting District 12 joined in the movement and procedure for the creation of District 13, including, in addition to the territory that had been included in District 12, sufficient territory to enable the new district to make the identical improvement contemplated in the creation of District 12, which was necessarily abandoned. All the parties active in the creation of each of the districts were interested in having made the same improvement contemplated in both districts, and all knew that it could not be done by District 12, the assessed value of the property included therein being far less than the cost of the improvement contemplated, which fact was also known to the city council in the creation of enlarged District 13.

The law provides that no single improvement shall be undertaken by any district, created as this was, which alone will exceed fifty per centum of the value of the real property in the district as shown by the last county assessment, and, although it allows an improvement to be made, the cost of which shall not exceed one hundred per centum of the assessed value of the property in the district when petitioned for by 75 per cent. in value of the property owners, no authority is given for creation of an improvement district to undertake or make an

improvement which will exceed the estimated value of the property in the district from which alone the money is to be collected for making the improvement. Section 5666, C. & M. Digest, as amended by Acts of 1925, Castle's Supplement, 548. *Gault* v. *Nolan*, 177 Ark. 117, 5 S. W. (2d) 932.

It is not contended that Improvement District No. 13 was not otherwise duly organized, and it is shown to have been regularly constituted and authorized to proceed with the construction of the improvement, as the lower court correctly held.

The court did not err in dismissing the complaint for want of equity, and the decree is affirmed.