BLACK v. STREET IMPROVEMENT DIST. NO. 2 OF DARDANELLE, ARK., et al. (McCRAY et al., Interveners).

No. 379.

District Court, E. D. Arkansas, W. D.

April 2, 1941.

Clifton Wade, of Fayetteville, Ark., for plaintiff.

Herbert C. Scott, of Scott & Goodier, of Dardanelle, Ark., for defendants.

Parker Parker, of John M. Parker & Son, of Dardanelle, Ark., for interveners.

TRIMBLE, District Judge.

This is a suit filed by A. D. Black, trustee, against Street Improvement District No. 2 of the City of Dardanelle, Arkansas, and its Board of Commissioners, in which action A. S. McCray and others property owners within the district have intervened,

the plaintiff praying for a judgment against the district and for other relief.

The complaint alleges the proper creation of the district and all conditions subsequent. The defendants filed an answer containing general denials and at the trial introduced no evidence to sustain their denials, concurred in all of the admissions made by the interveners, and did not participate in the matters of defense urged by counsel for interveners.

The interveners among other things alleged that under the Acts of the State of Arkansas the State Highway Commission was to pay fifty per cent of the total cost of the improvement and the district fifty per cent where streets and parts of streets within the corporate limits of cities are actual and direct continuations of a duly designated and established highway, and that Second Street in the City of Dardanelle, which was also in the district, is an actual and direct continuation of a duly designated and established state highway passing through the City of Dardanelle, to-wit, Highway 22, and that the State Highway Commission had recognized Second Street as coming within the provisions of said laws, and has paid a large amount toward the cost of improving Second Street, and this was admitted by the plaintiff. It is further alleged that the sum of money paid by the State of Arkansas was credited on the bonds of the entire district and not to the assessments on real estate toward which the interveners have contributed, that is, property along and abutting upon Second Street. The so-called answer of the interveners was filed on December 23, 1940. After a hearing on the facts alleged in that answer a substituted answer was filed in which interveners alleged that Improvement District No. 2 was never legally organized and constituted a municipal improvement district under the laws of the State of Arkansas, and that the records of the organization of the district show on their face that the laws in effect on the dates of the formation of the district were not complied with. The answer admits the filing of the petition of ten property owners on August 2, 1927, requesting the improvement, the passing of ordinance No. 274 in pursuance thereof, that the records of the City Recorder reflects that another petition was filed on October 10, 1927, and the City Council directed the City Recorder to publish a notice as provided by law that the City Council would hear such petition at 7:30 P.M. on October 24, 1927. It further alleges that there was not a hearing on November 24th, 1927, as set out in the notice, but alleged that according to the minutes of the town council held on November 12th, 1927, a purported resolution was adopted wherein it was found that the assessment of the property within the district made by the assessor of Yell County, Arkansas, for the year 1927 showed that the aggregate assessed valuation of real property within the district and owned by the signers of the petition is the sum of $61,300. and the total assessed valuation of all real property within said district was the sum of $83,625. and also found the petition contained the names of the owners of a majority in value of all real property situated within the district. Interveners contend that the resolution is void for the reason that the aldermen did not vote yea or nay on the adoption of the resolution, and, second, that the property owners had no notice to appear at said hearing, and last that the council did not find that seventy-five percent in value of all property in the district was owned by the signers of the petition. The record discloses that later the council made an amended finding that the assessed valuation of all the property within the district was $81,625 instead of $83,625, and that their computation in the former resolution was erroneous, and interveners contend that the council was without jurisdiction to make this amended finding, and that the purported findings of the council on its face shows that seventy-five per cent in valuation was not owned by the signers of the petition, and, therefore, the formation of the district is void, and all acts thereafter void.

Upon the trial of this cause the plaintiff introduced documentary evidence and testimony of witnesses ore tenus, and the intervener introduced documentary evidence and depositions of witnesses by which they sought to impeach the transcript of the proceedings of the Town Council in the formation of the district, all of which was considered by the court.

At the hearing the principal issues contended for by the interveners, were:

First. Should the funds paid by the State in aid of the district be applied only to the property along the street which was an actual continuation of a duly designated and established state highway, that is, Second Street, in the City of Dardanelle, or should be applied as a credit to the en-

tire district, and whether the council erred in crediting same on the bonds of the entire district?

Second. Whether the acts of the council after November 12, 1927, were void by reason of not having a council meeting on January 2nd, 1928, when it is alleged the amended finding of the assessed valuation of the real property in the district was made, and,

Third. Whether the Act of the Council on January 2, 1928, in amending its finding on the assessed valuation of the real property in the district and reducing same from $83,625 to $81,625, when it found the first was erroneous, was void?

■ 1. As to the proper application of the funds paid by the state in aid of the improvement district, to the district as a whole, or to a reduction of the assessment against the property along the street which is a continuation of a state highway, Second Street, there is no longer any question, as that issue is settled by the Supreme Court of Arkansas, in the case of Jackson v. Foster, 192 Ark. 712, 94 S.W.2d 113, which arose under the very statute relied upon by interveners, and it was there held: "[Quoting from the syllabus.] Since the State aid is to be paid to the district and not to any particular property owner, and since the act of 1931 [Act 85], p. 247, prescribes the method for determining the amount to be donated to a district, the sum paid is to the entire district and not to the property owners whose property fronts on the State highway; and the commissioners cannot, on receiving State aid, apply it to the reduction of the taxes against lands fronting on the State highway to the exclusion of lands that do not front on such highway." Therefore the interveners are not entitled to recover under this issue.

2. As to the validity of the formation of the district, by reason of the allegation that all of the acts and things had and done after November 12th, 1927, were void, it was admitted at the hearing that the certified transcript introduced in evidence, and which had been filed as an exhibit to the complaint, is the transcript made at the time and date as certified thereto, was used by the attorneys who passed on the validity of the bonds of the district, and relied on by the purchasers of the bonds, but it is denied that it is true and correct.

■ The transcript of the proceedings of the town council in this matter is a full and complete transcript and there was no testimony of sufficient weight to impeach it. As stated above this transcript was made immediately after the organization of the district, relied on by the attorneys passing on the bonds, relied on by the property owners for the issuance of the bonds, the procurement of the funds for the construction of the improvements, and the Supreme Court of Arkansas has held that it is the best evidence. Lewis v. Forrest City Special Improvement District, 156 Ark. 356, 246 S.W. 867.

■ 3. On the issue raised under 3 as well as 2 it appears that this suit was filed long after the decision of the Supreme Court of Arkansas in the case of Gault v. Nolen, 177 Ark. 117, 5 S.W.2d 932, contesting the validity of this improvement district. The points raised here were passed on in that case, the Supreme Court of Arkansas holding that the city council had the right to correct a clerical error or mistake, that it not only had the right but it seemed to be its duty to do so.

Therefore the interveners are not entitled to recover and the plaintiff is entitled to the relief prayed in its complaint, and to an order of this court enjoining the interveners or property owners in the district from asserting in any other court, except on appeal from this court, the issues and defenses and claims asserted here.

Counsel having presented findings of fact and conclusions of law, with praecipe for decree, those submitted by the plaintiff are made, except as amended, and those of the interveners are denied. It is so ordered.