

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-18-00039-CV

SUENAN GOBER, Appellant

V.

BULKLEY PROPERTIES, LLC, Appellee

On Appeal from the 62nd District Court
Hopkins County, Texas
Trial Court No. CV43552

Before Morriss, C.J., Moseley and Burgess, JJ.
Opinion by Justice Moseley

O P I N I O N

Suenan Gober, who had instituted a declaratory judgment action against Bulkley Properties, LLC, suffered the grant of a summary judgment against her and in favor of Bulkley. By her appeal, Suenan seeks to reverse that summary judgment. Because we find that the trial court erred in entering summary judgment without first having allowed Suenan the opportunity to amend her pleadings, we reverse the trial court's judgment.

## I.    Background

The property which has generated the controversy in this case was owned by Imogene Gober and occupied by her, Suenan Gober (her daughter), and Day Gober (her granddaughter). Imogene died, and that residence in Sulphur Springs was sold to Bulkley during the probate of her estate. In her petition, Suenan alleged that after the sale, she negotiated with Bud McCleheny, who was the agent for Bulkley. According to Suenan's original petition, following the sale, Suenan entered into negotiations with Bulkley through McCleheny. The petition alleges that Suenan would be able to lease the property and purchase it from Bulkley at a later date. According to Suenan, the parties agreed that she would deed one-half of her interest in another property (known as 0-Gilmer) as collateral to ensure her payment of lease payments for two years, with an agreement that she could acquire the residence and reacquire the 0-Gilmer property by paying Bulkley $100,000.00 by December 2016. When Suenan offered to pay Bulkley the agreed-on funds in November or December 2016, her payment was refused by Bulkley. Suenan alleges that Bulkley then made another offer. Under this proposal, Suenan was to pay $100,000.00 as partial

2

payment and Bulkley was to finance an unpaid balance. However, even though Bulkley had originated the offer through McCleheny, Bulkley refused to follow through on those terms.

In her petition, Suenan acknowledged that the agreement was not in writing, but alleged that there was a special relationship and trust that existed between her and Bulkley. She also alleged that Bulkley was unjustly enriched by refusing her payment and denying her the two properties and that she was entitled to equitable restitution and the equitable remedy of quantum meruit.[1] She sought a declaratory judgment that she was entitled to pay Bulkley the consideration and to receive warranty deeds from Bulkley conveying to her both the residence and the 0-Gilmer property.

Bulkley filed special exceptions wherein it asserted that Suenan's petition showed on its face that it was barred by the statute of frauds,[2] since she admitted that the agreement was not in writing, and an answer asserting a general denial and the statute of frauds as an affirmative defense. On the same day, Bulkley filed a traditional motion for summary judgment. As grounds for its motion, Bulkley asserted that the allegations in Suenan's petition showed that her claim regarding the agreement to convey real estate was barred by the statute of frauds and that she did not state a viable cause of action for recovery under quantum meruit.

---

[1]Quantum meruit is an equitable remedy which does not arise out of a contract, but is independent of it. Generally, a party may recover under quantum meruit only when there is no express contract covering the services or materials furnished. This remedy is based upon the promise implied by law to pay for beneficial services rendered and knowingly accepted; it will be had when non-payment for the services rendered could result in an unjust enrichment to the party benefited by the work. *Vortt Expl. Co. v. Chevron U.S.A., Inc.* 787 S.W.2d 942 (Tex 1990).

[2]*See* TEX. BUS. & COM. CODE ANN. § 26.01(a), (b)(4) (West 2015).

In her response to the motion for summary judgment, Suenan challenged Bulkley's use of its motion for summary judgment to challenge deficiencies in her pleadings that were curable by amendment and requested leave of court to amend her petition. She also asserted that Suenan's affidavit (an unsigned copy of which was apparently attached to the response) established issues of material fact supporting her allegations that enforcement of the statute of frauds was waived.[3] On the same date, Suenan filed her first amended petition in which she again requested a declaratory judgment and added claims for damages based on fraud, breach of contract, and promissory estoppel.

On the day of the summary judgment hearing,[4] Bulkley filed objections to Suenan's unsigned affidavit and the exhibits attached to it as summary judgment evidence. At the hearing, Suenan showed the trial court a copy of her signed affidavit[5] and contended that it had been filed with her response. After the trial court pointed out that the filed affidavit was not signed, it sustained Bulkley's objections and struck the affidavit. The trial court then entered its summary judgment that Suenan take nothing on her claims for declaratory relief and on her claims for unjust enrichment, quantum meruit, and equitable restitution.[6] It also severed those claims from her

---

[3]In the appellate record, no affidavit is attached to Suenan's response. However, both the trial court and Bulkley acknowledge that although an affidavit was filed with the response, it was unsigned.

[4]The trial court never ruled on Bulkley's special exceptions.

[5]The affidavit shown to the trial court was not made a part of the appellate record.

[6]The trial court interpreted Suenan's claims for unjust enrichment, equitable restitution, and quantum meruit as bases for her declaratory relief, and not as separate claims or remedies.

4

claims for damages based on fraud, breach of contract, and promissory estoppel.[7]  Suenan has appealed.

On appeal, Suenan asserts that the trial court (1) abused its discretion by refusing to allow her to file her signed affidavit and (2) erred in entering summary judgment based on the statute of frauds.  Because we agree that the trial court erred in entering summary judgment, we will reverse the trial court's judgment.

## II.    Standard of Review

The grant of a trial court's summary judgment is subject to de novo review by appellate courts.  *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003).  To be entitled to traditional summary judgment, a movant must establish that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.  TEX. R. CIV. P. 166a(c); *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009).  When (as in this case) summary judgment is based on a party's pleadings, we review the pleadings de novo.  In looking at such a situation, we look at all allegations, facts, and inferences in the nonmovant's pleadings as true, construing them in the light most favorable to the nonmovant.  *Natividad v. Alexsis, Inc.*, 875 S.W.2d 695, 699 (Tex. 1994).  The nonmovant generally must be given an opportunity to amend her pleadings before summary judgment is rendered against her.  *See Friesenhahn v. Ryan*, 960 S.W.2d 656, 658–59 (Tex. 1998); *Massey v. Armco Steel Co.,* 652

---

[7]In its brief, Bulkley contends that Suenan consented to the entry of the summary judgment.  We do not think a fair reading of the transcript of the hearing supports Bulkley's contention.  Further, Bulkley does not cite any appropriate legal authority in support of its contention.  *See* TEX. R. APP. P. 38.1(i), 38.2(a)(1).

S.W.2d 932, 934 (Tex. 1983).[8] Only "[i]f a party refuses to amend, or the amended pleading fails to state a cause of action," or when the pleading deficiency cannot be cured by amendment may summary judgment be granted. *Friesenhahn*, 960 S.W.2d at 658 (citing *Tex. Dep't of Corrections v. Herring*, 513 S.W.2d 6, 10 (Tex. 1974); *Swilley v. Hughes*, 488 S.W.2d 64, 67 (Tex. 1972)).

## III. Analysis

In support of her second issue, Suenan contends that this appeal is controlled by the legal principles set forth in *Friesenhahn*. We agree.

Bulkley's motion for summary judgment was not supported by any evidence and relied solely on the allegations in Suenan's pleadings that there was no written agreement in support of its contention that any cause of action asserted by Suenan was barred by the statute of frauds. The statute of frauds provides that neither a lease of real estate for a term longer than one year nor a contract for the sale of real estate[9] may be enforced unless it is in writing and signed by the defendant or his agent. Tex. Bus. & Com. Code Ann. § 26.01(a), (b)(4).

Absent some exception to the enforcement of the statute, the enforcement of the oral agreement alleged by Suenan would be barred. However, "Texas has long recognized that some situations exist wherein 'the nonenforcement of the contract—or the enforcement of the statute—

---

[8] In *Massey*, the plaintiff filed a claim for civil conspiracy against his employer arising from injuries incurred during his employment. The employer filed a motion for summary judgment based on the plaintiff's pleadings, asserting that the pleadings showed that any cause of action was barred by the workers' compensation exclusive remedy provisions. The trial court granted summary judgment, which the court of appeals affirmed. *Massey*, 652 S.W.2d at 933. Although Massey did not complain that he was not given an opportunity to amend his pleadings, the Texas Supreme Court reversed the court of appeals, holding that "[t]he issue whether pleadings fail to state a cause of action may not be resolved by summary judgment." *Id.* at 934.

[9] As we construe her pleadings, Suenan has alleged an oral lease of real estate for two years, with an option to purchase.

6

would, itself, plainly amount to a fraud.'" *Gnerer v. Johnson*, 227 S.W.3d 385, 390–91 (Tex. App.—Texarkana 2007, no pet.) (citing *Hooks v. Bridgewater*, 229 S.W. 1114, 1116 (Tex. 1921)). One such exception is the doctrine of partial performance. Under this doctrine, a purchaser or lessee may enforce an oral contract for the purchase or lease of real estate by showing that the purchaser/lessee has (1) paid the consideration; (2) taken possession of the property; and (3) made permanent and valuable improvements to the property with the consent of the seller or lessee (or absent such improvements, by showing other facts that would make the transaction a fraud on the purchaser or tenant if the agreement is not enforced). *Id.* at 391 (citing *Hooks*, 229 S.W. at 1116; *Hammonds v. Calhoun Distrib. Co.*, 584 S.W.2d 473, 475 (Tex. Civ. App.—Texarkana 1979, writ ref'd n.r.e.)).

We must liberally construe a petition to contain any claims that may be reasonably inferred from the language used in the petition, even if an element of a claim is not specifically alleged. *SmithKline Beecham Corp. v. Doe*, 903 S.W.2d 347, 354 (Tex. 1995). A liberal construction of the allegations, facts, and inferences contained in Suenan's petition shows that she has attempted to plead partial performance as an exception to enforcing the statute of frauds. While Suenan's current pleadings may be deficient, there is no indication that Suenan, if given the opportunity to amend her pleadings, would not be able to plead sufficient facts that if shown at trial, would establish partial performance. Further, Bulkley did not file, and the trial court did not grant, special exceptions that would have notified Suenan of any deficiencies in her petition regarding her claim of partial performance. Therefore, she was not on notice that her pleadings may be deficient. *See Friesenhahn*, 960 S.W.2d at 659. Under such circumstances, a trial court must give the nonmovant

7

an opportunity to plead a viable cause of action before granting summary judgment. *Id.* Consequently, we find that the trial court erred in entering summary judgment in favor of Bulkley. We sustain Suenan's second issue.[10]

For the reasons stated, we reverse the trial court's judgment, and remand this cause for further proceedings.


Bailey C. Moseley
Justice

Date Submitted:     December 10, 2018
Date Decided:       December 28, 2018

---

[10]Since this issue is dispositive of this appeal, we need not address Suenan's first issue.