

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-20-00041-CV

SUENAN GOBER, Appellant

V.

BULKLEY PROPERTIES, LLC, Appellee

On Appeal from the 62nd District Court
Hopkins County, Texas
Trial Court No. CV43552

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Chief Justice Morriss

# MEMORANDUM OPINION

In her lawsuit against Bulkley Properties, LLC, Suenan Gober sought to enforce an alleged oral promise for the sale of real estate based on the partial performance exception to the statute of frauds. After it gave Gober several chances to amend her pleadings, the trial court granted Bulkley's motion for summary judgment on its affirmative defense after finding that Gober's fourth amended petition failed to contain facts establishing the partial-performance exception. On appeal, Gober argues that the trial court abused its discretion by finding that her request for declaratory judgment was barred by the statute of frauds and by striking causes of action alleged in her petitions.

Because we conclude (1) that the trial court's summary judgment was proper and (2) that Gober failed to adequately brief her second point of error, we affirm the trial court's judgment.

*(1)* *The Trial Court's Summary Judgment Was Proper*

This lawsuit involves two properties. The first, located at 1506 San Jacinto Street, Sulphur Springs, Texas (the Residence), was a residence originally owned by Imogene Gober, Gober's mother. After Imogene died, her estate sold the Residence to Bulkley in 2015. *Gober v. Bulkley Props., LLC*, 567 S.W.3d 421, 422 (Tex. App.—Texarkana 2018, no pet.). After the sale, Gober remained in the Residence pursuant to a lease agreement with Bulkley. The second property, a piece of commercial real estate called 0-Gilmer, was, according to Gober, conveyed to Bulkley by Gober "as collateral to ensure her payment of lease payments for two years." *Id.* Claiming that there was an oral contract that created an option to purchase both properties back, Gober filed suit for declaratory judgment "for her rights to pay Bulkley the $100,000 for a

2

Warranty Deed to [the Residence] and her right to reacquire her undivided interest in 0-Gilmer . . . and receive a Warranty Deed from Bulkley Properties, LLC on payment of $ ____."

"The statute of frauds provides that neither a lease of real estate for a term longer than one year nor a contract for the sale of real estate may be enforced unless it is in writing and signed by the defendant or his agent." *Id.* at 424–25 (quoting TEX. BUS. & COM. CODE ANN. § 26.01(a), (b)(4)). Bulkley alleged that the affirmative defense of statute of frauds barred Gober's cause of action for declaratory judgment because there was no written agreement to convey real estate. The trial court had previously rendered summary judgment against Gober on Bulkley's affirmative defense. In our prior opinion resulting from Gober's appeal of that decision, we determined that the statute of frauds applied, but noted that Gober was raising the partial-performance exception to the statute of frauds. *Id.* at 425. After finding nothing in our appellate record indicating that Bulkley had filed special exceptions challenging Gober's original or amended petition with respect to the partial-performance exception, which would have put Gober on notice that her pleadings were deficient, we remanded the matter to the trial court to allow Gober the opportunity to amend her pleadings with sufficient facts that, if shown at trial, would establish the partial-performance exception. *Id.*

After the trial court sustained Bulkley's special exceptions to Gober's second and third amended petitions, Gober, in her fourth amended petition,[1] described the alleged agreement

---

[1] The trial court overruled Bulkley's special exceptions to the fourth amended petition.

which she claimed would enable her to lease the Residence and purchase it from Bulkley later.[2]

Gober alleged that, after Bulkley purchased the Residence, she informed Bulkley that she wanted to acquire it and "began negotiations to accomplish that purpose." Gober alleged that she met with Bud McCleheny, who "represented himself as an experienced real estate person and a financial advisor to Bulkley." According to Gober's fourth amended petition, McCleheny "made it known that Bulkley wanted additional collateral from Gober to complete the transaction" "to ensure that she [could] make lease payments on the [Residence] and have funds to reacquire the home within two years."

The fourth amended petition stated that Gober agreed to furnish Bulkley a deed to one half of her interest in 0-Gilmer as collateral so that she would have the right to acquire the Residence by paying $100,000.00 by December 2016 and could reacquire 0-Gilmer by paying Bulkley the lease payment of $875.00 during her occupancy. When Gober offered to pay Bulkley $100,000.00 "with funds she had arranged with a friend" in November or December 2016, Bulkley refused. Alleging a second oral agreement, Gober also claimed that Bulkley offered to allow her to find someone to purchase the one-half interest in 0-Gilmer and agreed to credit the sales price towards the $100,000.00 price for the Residence if Bulkley would execute a promissory note for the remaining, unidentified purchase price. Gober's petition said that she accepted the offer but that Bulkley allegedly reneged and advised her in "late December 2016"

---

[2]The claims in the fourth amended petition included unjust enrichment, promissory estoppel, breach of contract, fraud and negligent misrepresentation, and declaratory judgment. Gober's appeal only challenges the trial court's summary judgment on her claim for a declaratory judgment.

that she "had lost the right to pay Bulkley (i) for the rent on the 0-Gilmer property she deeded to him as collateral and (ii) [for the Residence]."[3]

Bulkley again moved for summary judgment on its affirmative defense of statute of frauds. Bulkley argued that, despite having several opportunities to amend her petition, the fourth amended petition still did not contain sufficient facts to establish the partial-performance exception. After a hearing, the trial court granted Bulkley's summary judgment motion. Gober argues that the trial court's summary judgment ruling was erroneous. As explained below, we disagree with Gober.

"The grant of a trial court's summary judgment is subject to de novo review by appellate courts." *Gober*, 567 S.W.3d at 424 (citing *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003)). "To be entitled to traditional summary judgment, a movant must establish that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law." *Id.* (citing Tex. R. Civ. P. 166a(c); *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009)). "When (as in this case) summary judgment is based on a party's pleadings, we review the pleadings de novo." *Id.* "In looking at such a situation, we look at all allegations, facts, and inferences in the nonmovant's pleadings as true, construing them in the light most favorable to the nonmovant." *Id.* (citing *Natividad v. Alexsis, Inc.*, 875 S.W.2d 695, 699 (Tex. 1994)). "The nonmovant generally must be given an opportunity to amend her pleadings before summary judgment is rendered against her." *Id.*

---

[3]Gober's affidavit, attached to her summary judgment response, stated that "Bulkley refused her request for a payoff and in late December 2016 or early January 2017 advised Gober that she had lost her right to have the properties deeded to her."

(citing *Friesenhahn v. Ryan*, 960 S.W.2d 656, 658–59 (Tex. 1998); *Massey v. Armco Steel Co.*, 652 S.W.2d 932, 934 (Tex. 1983)). Even so, "summary judgment based on a pleading deficiency is proper if a party has had an opportunity by special exception to amend and fails to do so, or files a further defective pleading." *Natividad v. Alexsis, Inc.*, 875 S.W.2d 695, 699 (Tex. 1994) (citing *Tex. Dep't of Corrections v. Herring*, 513 S.W.2d 6, 10 (Tex. 1974)).

Gober's fourth amended petition named the partial-performance exception to the statute of frauds.[4] Under the doctrine of partial performance,

> a purchaser or lessee may enforce an oral contract for the purchase or lease of real estate by showing that the purchaser/lessee has (1) paid the consideration; (2) taken possession of the property; and (3) made permanent and valuable improvements to the property with the consent of the seller or lessee (or absent such improvements, by showing other facts that would make the transaction a fraud on the purchaser or tenant if the agreement is not enforced).

*Gober*, 567 S.W.3d at 425 (citing *Gnerer v. Johnson*, 227 S.W.3d 385, 391 (Tex. App.—Texarkana 2007, no pet.) (citing *Hooks v. Bridgewater*, 229 S.W. 1114, 1116 (Tex. 1921); *Hammonds v. Calhoun Distrib. Co.*, 584 S.W.2d 473, 475 (Tex. App.—Texarkana 1979, writ ref'd n.r.e.))). "Each of these elements is indispensable." *Swinehart v. Stubbeman, McRae, Sealy, Laughlin & Browder, Inc.*, 48 S.W.3d 865, 883 (Tex. App.—Houston [14th Dist.] 2001, pets. denied).

In her fourth amended petition, Gober argued that the partial-performance exception to the statute of frauds applied because she paid Bulkley with the deed to 0-Gilmer, she had possession of and lived in the Residence for years before Bulkley acquired it, and a fraud would

---

[4]Gober filed a second and third amended petition, and each drew special exceptions filed by Bulkley, which were sustained in large part.

6

occur if the oral options to purchase were not enforced. However, Bulkley's petition also established that the consideration required under the alleged oral contract was not actually and timely paid to Bulkley, that Gober was a tenant who was evicted from the Residence in 2018,[5] and that Gober made no valuable improvements to the Residence.

With respect to the first element of the partial-performance exception, Gober's fourth amended petition set out that Bulkley had legal title to both properties and alleged that the deed to 0-Gilmer was given to Bulkley (1) as collateral for two years of lease payments on the Residence and (2) to secure the right to acquire both properties "by paying Bulkley the $100,000 purchase price," plus Bulkley's unidentified out-of-pocket expenses for the Residence "by paying Bulkley the lease payment of $875 during her occupancy" to redeem 0-Gilmer. As a result, the deed to 0-Gilmer merely satisfied Gober's rent obligation on the Residence for two years, and additional performance was required to exercise the option under either oral contract alleged by Gober. This is significant because, although Gober relied on the deed conveying 0-Gilmer to establish partial performance, "[a]ctions relied on to establish the partial performance exception to the statute of frauds must be such as could have been done with no other design than to fulfill the particular agreement sought to be enforced; otherwise, they do not tend to prove the existence of the parol agreement relied on by the plaintiff." *Bookout v. Bookout*, 165 S.W.3d 904, 907–08 (Tex. App.—Texarkana 2005, no pet.).

Bulkley writes that it "purchased [the Residence], paying significant consideration, in a transaction approved by the probate court" and "purchased 0-Gilmer, paying consideration in the

---

[5]Gober's petition did not allege that she currently possessed or made improvements to 0-Gilmer.

7

form of crediting two years of rent on" the Residence. Gober's own summary judgment evidence, consisting of emails between her and McCleheny, showed that "1/2 interest in Gilmer, that [McCleheny] assigned to Clint ha[d] paid [McCleheny's] rent in full for the first two years of [McCleheny's] occupancy of the house, through December 31, 2017 . . . ." The emails continued, "If you do not repurchase the home by . . . December 31, 2016, then any rights to Gilmer 1/2 interest will be forfeited, and the deal just reverts back to your rent being paid through 2017." "If . . . the party who performed the act that is alleged to be partial performance could have done so for some reason other than to fulfill obligations under the oral contract, the exception is unavailable." *Nat'l Prop. Holdings, L.P. v. Westergren*, 453 S.W.3d 419, 427 (Tex. 2015). Thus, because the deed she gave to 0-Gilmer could constitute satisfaction of merely her rent obligation on the Residence, Gober had to allege additional performance to establish an oral promise on the alleged option to purchase.

Gober attempted to show additional performance by alleging that she "had the funds available" or sought to pay Bulkley by December 2016 "with funds she had arranged with a friend." Gober's fourth amended petition showed that she had not actually paid the required consideration. As we stated in our prior opinion, "Gober neither alleged nor showed that she had actually tendered any money to Bulkley within the relevant time frame. Gober merely showed that 'good funds' were available—not that the entire amount required by the terms of the contract was available and tendered by December 2016." *Gober v. Bulkley Props., LLC*, No. 06-18-00031-CV, 2019 WL 321326, at *3 (Tex. App.—Texarkana Jan. 25, 2019, pet. denied) (mem. op.). With respect to the second alleged oral agreement whereby Gober could find a

8

purchaser for 0-Gilmer, the fourth amended petition alleged that she planned a closing for "December 29, 2017," and that, "[a]t the closing, Bulkley would be paid in good funds." As a result, the fourth amended petition established on its face that Gober had not tendered payment to Bulkley by December 2016 as required by the first oral agreement, and nothing shows that the second alleged oral agreement, made in December 2016, allowed Gober to find a purchaser for 0-Gilmer in 2017.[6] Consequently, the fourth amended petition failed to allege that Gober timely paid consideration in a manner consistent only with an orally promised option to purchase the properties.

Next, "[p]artial performance does not operate as an exception to the statute of frauds when the vendee/lessee does not take possession of the property." *Swinehart*, 48 S.W.3d at 883. There must be "the surrender of possession," in addition to the other elements of the partial-performance exception to "create[] an estoppel against [the promisor]." *Hooks*, 229 S.W. at 1117. The reasoning behind the second requirement is that, "[i]f . . . the purchaser be let into possession, there is furnished by an affirmative act of the owner himself at least a corroborative fact that the contract was actually made." *Id.* Here, the possession alleged by the fourth amended petition is insufficient because it shows that Gober was a tenant and admits she was evicted by Bulkley in 2018. *See Gober*, 2019 WL 321326, at *1 (containing facts relevant to Gober's eviction for failure to pay rent beginning January 1, 2018). As a result, Gober's

---

[6]To the extent that Gober relies on alleged promises by Bulkley to show evidence of the partial-performance exception, she cannot do so. "A party cannot rely upon oral representations to satisfy the partial performance exception." *Westergren*, 453 S.W.3d at 427. "Rather, the kind of performance that justifies the exception to the statute of frauds is 'performance which alone and without the aid of words of promise is unintelligible or at least extraordinary unless as an incident of ownership, assured, if not existing.'" *Id.* (quoting *Chevalier v. Lane's, Inc.*, 213 S.W.2d 530, 533 (Tex. 1948)).

possession of the Residence was not such as would operate to estop Bulkley from denying the existence of an oral agreement. And, the fourth amended petition recites no facts showing that Gober occupied 0-Gilmer as anything other than a tenant.

As for the third element, because Gober did not allege that she had made improvements on either property, she was required to show that she "made 'a serious change of position in reliance on the oral contract,' which require[d] something more than the mere payment of consideration such that [she] 'will suffer an additional and substantial out-of-pocket loss' if the seller is permitted to avoid the contract." *Lovett v. Lovett*, 283 S.W.3d 391, 395 (Tex. App.—Waco 2008, pet. denied) (quoting *Cowden v. Bell*, 300 S.W.2d 286, 290 (Tex. 1957)). Gober made no such allegation and stated only in a conclusory fashion that a fraud would occur if the alleged oral promises were not enforced.[7]

Even if we take as true all the allegations in Gober's fourth amended petition and view them in the light most favorable to her, we conclude that she did not sufficiently allege all elements of the partial-performance exception. Moreover, the record demonstrates that Gober had several opportunities to amend her petition, but failed to do so, even after the trial court granted Bulkley's special exceptions to her second and third amended petitions. Therefore, we find that the trial court's summary judgment was proper and overrule her first point of error. *See Natividad*, 875 S.W.2d at 699.[8]

---

[7]Also, Gober's brief does not explain how failure to enforce the oral agreements would effectuate a fraud on her.

[8]Because the record shows that Gober had ample opportunity to amend her petition to allege sufficient facts related to the partial-performance exception, we overrule her due process argument suggesting that she should be given yet another chance to amend her petition.

10

*(2)*     *Gober Failed to Adequately Brief Her Second Point of Error*

In her second point of error, Gober argues that the trial court erred in striking her causes of action. Bulkley argues that Gober has waived her point of error due to inadequate briefing. We agree.

A brief must "contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(i); *ERI Consulting Eng'rs, Inc. v. Swinnea*, 318 S.W.3d 867, 880 (Tex. 2010). "This requirement is not satisfied by merely uttering brief, conclusory statements unsupported by legal citations." *Matter of Marriage of Hudson*, No. 06-18-00011-CV, 2018 WL 4656288, at *4 (Tex. App.—Texarkana Sept. 28, 2018, no pet.) (mem. op.) (quoting *In re Estate of Taylor*, 305 S.W.3d 829, 836 (Tex. App.—Texarkana 2010, no pet.)). "Failure to cite legal authority or to provide substantive analysis of the legal issues presented results in waiver of the complaint." *Hudson*, 2018 WL 4656288, at *4 (quoting *In re Estate of Taylor*, 305 S.W.3d at 836).

A review of Gober's brief shows that she has failed to make a clear and concise argument or substantive analysis of her second point of error and fails to cite relevant authority. As a result, we overrule Gober's last point of error.

We affirm the trial court's judgment.

Josh R. Morriss, III
Chief Justice

Date Submitted:      July 20, 2021
Date Decided:        September 10, 2021